## DARST v. AWE.

1. HUSBAND AND WIFE—MONEY DEPOSITED IN JOINT NAMES HELD
AS JOINT TENANTS—SEVERABILITY.

   Where a husband and wife have deposits in a bank in
   their joint names, payable to either or the survivor, they
   are joint tenants, and the husband's interest is severable
   for the purpose of meeting the demands of his creditors.[1]

2. GARNISHMENT—REMEDIAL STATUTE—PURPOSE.

   The garnishee statute is a remedial one, designed to per-
   mit a creditor to reach a debtor's interest in a fund
   claimed in whole or in part by a third party.[2]

3. SAME—WIFE MAY BE INTERPLEADED IN GARNISHEE PROCEEDINGS
TO DETERMINE HUSBAND'S INTEREST IN JOINT DEPOSIT.

   A creditor is entitled to have the wife of a debtor inter-
   pleaded in garnishee proceedings for the purpose of dis-
   closing the debtor's interest in moneys deposited in a
   bank in their joint names.[3]

Error to Wayne; Miller (Guy M.), J. Submitted
April 20, 1926. (Docket No. 124.) Decided June
7, 1926.

Garnishment proceedings by Guy Darst and others,
doing business as the Bewley-Darst Coal Company,
against Charles F. Awe and the American State Bank,
garnishee. From an order denying a motion to inter-
plead Alta M. Awe as a party defendant, plaintiff
brings error. Reversed and remanded.

---

[1]Husband and Wife, 30 C. J. § 107; [2]Garnishment, 28 C. J. § 4;
[3]Id., 28 C. J. § 591.

*Continued from Vol. 234.

*Beaumont, Smith & Harris* (*Thomas B. Moore,* of counsel), for appellants.

*George C. Capen,* for appellee Charles F. Awe.

SHARPE, J.  Plaintiff brought suit against the defendant Awe in the circuit court for the county of Wayne, and garnished the defendant bank.  The disclosure of the bank stated that it had in its hands the sum of $569.63 in a joint account in the names of Charles F. Awe and Alta M. Awe.  The defendant Charles F. Awe thereupon moved to dismiss the writ of garnishment.  His motion was supported by the affidavit of himself and of Alta M. Awe, his wife, in which they deposed that the moneys in the bank were the proceeds of rentals of real property owned by them jointly.  The plaintiff thereupon demanded an examination of the garnishee defendant, and such examination was had, from which it appeared that the moneys in the bank were deposited from time to time to their joint account and that the witness was unable to state by whom the several deposits were made. The plaintiff thereupon moved to interplead Alta M. Awe as a defendant in the garnishee proceeding for the purpose of ascertaining the interest of Charles F. Awe in said moneys.  The trial court denied this motion, and entered an order dismissing the writ of garnishment.  This order plaintiff here reviews by writ of error.

In *Murphy* v. *Michigan Trust Co.,* 221 Mich. 243, the effect of a deposit payable to "James E. Murphy and Gertrude Murphy, either or the survivor," was under consideration.  Mr. Justice WIEST, speaking for the court, said:

"We must hold the deposits constituted plaintiffs joint tenants.  As joint tenants the ownership of Mr. Murphy is severable for the purpose of meeting the demands of creditors.

"In the absence of proof establishing their contributions toward the deposits the presumption prevails that plaintiffs were equal contributors thereto and, therefore, equal owners."

Section 13149, 3 Comp. Laws 1915, provides:

"When the answer of the garnishee shall declare that any other person than the defendant claims the indebtedness or property in his hands, or any part thereof, * * * the court may, on motion, order that such claimant be interpleaded as a defendant to the garnishee action."

It further provides that, after notice to the claimant, the garnishee may pay the money in his hands to the clerk of the court, and be thereby discharged from any further liability in the matter.

In *Wayne County & Home Savings Bank* v. *Smith,* 194 Mich. 151, and in *People's State Bank* v. *Miller's Estate,* 198 Mich. 783, the rights of the respective parties in such funds were disposed of on bills of interpleader filed by the banks. The garnishee statute is a remedial one, designed to permit a creditor to reach a debtor's interest in a fund claimed in whole or in part by a third party. We can see no reason why the plaintiff may not have the benefit of this statute to secure a judicial determination of the interest of Charles F. Awe in the moneys in the hands of the bank. *Christian* v. *Wayne Circuit Judge,* 219 Mich. 37, 40.

The order of dismissal will be vacated and set aside, with costs to plaintiff, and the cause remanded for further proceedings.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.