HOLMES *et al. v.* HOLMES *et al.*

(Division B.   Sept. 30, 1929.)

[123 So. 865.   No. 27979.]

*Frank F. Everett,* of Indianola, for appellants.

*D. E. Crawley,* of Kosciusko, for appellees.

Argued orally by *J. M. Forman,* for appellant and *D. E. Crawley,* for appellee.

GRIFFITH, J., delivered the opinion of the court.

The testimony in this case is undisputed, and it shows that on May 7, 1894, Mrs. Mary E. Holmes purchased as sole owner the mercantile establishment theretofore belonging to W. B. Sallis & Co. in the village of Sallis, in Attala county. Thereupon she placed her husband, T. S. Holmes, in charge of said mercantile business, and it was conducted in her name and for her account until her death in April, 1895. Although Mrs. Holmes died intestate, no official administration was had upon her estate, but T. S. Holmes continued to operate the said business under the name of Mrs. Mary E. Holmes until the date next to be mentioned.

On February 28, 1898, T. S. Holmes sold and delivered the said mercantile business to W. T. Brown in exchange

for the house and lot, in said village, which is the subject of this suit; and at the instance of said T. S. Holmes, who is shown to have aided in the preparation of the deed of conveyance, the deed to said lot was made to T. W. Holmes, the oldest child of T. S. and Mary E. Holmes, the said T. W. Holmes being then about sixteen years of age. The deed recites as its consideration, "eight hundred dollars worth of merchandise to me, the receipt of which is hereby acknowledged;" and at about the same time the mercantile business first above mentioned was in fact turned over to, and was taken charge of, by Brown, and T. S. Holmes and his family moved into the residence conveyed as aforesaid in exchange for the said mercantile establishment. The deed aforesaid, although duly acknowledged on February 28, 1898, was not filed for record until August 27, 1924.

At the death of Mrs. Mary E. Holmes, her heirs at law were her husband, T. S. Holmes, and four children, T. W. Holmes, W. E. Holmes, J. A. Holmes, and Bessie Holmes, now Bessie Holmes Love, so that the interest of each of the aforesaid heirs in her estate became an undivided one-fifth. The father, T. S. Holmes, continued to occupy said residence, and at a date not shown by the record, he married Virginia L. Holmes, of which union there was born one child, C. W. Holmes. In June, 1926, the said T. S. Holmes died intestate, and his one-fifth interest descended to the wife and five children above named.

On November 12, 1926, the widow, Virginia L. Holmes, and C. W. Holmes and W. E. Holmes and Bessie Holmes Love filed their bill against T. W. Holmes and J. A. Holmes setting out the facts aforesaid, and praying that the said T. W. Holmes be adjudged a trustee in the title to said property for the benefit of the heirs aforesaid, and that the property be sold in partition. No defense was made by J. A. Holmes, but T. W. Holmes filed a

sworn answer in which he denied practically every material allegation of the bill. No testimony was introduced in behalf of the defendants. The bill expressly waived answer under oath; hence the answer, although sworn to, is not evidence.

Upon the hearing, the chancellor dismissed the bill on the ground that the evidence was not sufficient to establish with certainty the resulting trust as against the defendant T. W. Holmes; and, as we understand the opinion, the chancellor arrived at this conclusion because, as he says, there is no evidence that the defendant T. W. Holmes, then a school boy sixteen years old, did not himself have a stock of merchandise worth eight hundred dollars which it may be was used in this purchase. The testimony is positive by a witness, who was an assistant or clerk in the merchandise store at the time of the transaction and who had direct personal knowledge, that the identical mercantile business that was then the property of the heirs of Mary E. Holmes was in fact the merchandise that was sold to Brown and was the identical property that was actually delivered to Brown in exchange for the residence here in issue.

When T. S. Holmes continued after her death to operate his wife's mercantile business in her name, without an official administration, he did so as a trustee for her heirs—as an executor *de son tort*, or, as it is sometimes inaccurately termed in cases of intestacy, as an administrator *de son tort*. Certainly there are few principles more firmly established than the principle that where an executor or administrator or other trustee purchases property in his own or a third person's name, with funds or property belonging to an estate, a resulting trust arises in favor of the heirs entitled to the beneficial interest in that estate.

In addition to the facts shown as above set out by positive and undisputed evidence, there was introduced the

following letter, proved to have been written by the defendant T. W. Holmes:

"Springfield Armory, Springfield, Mass.
"March 29th, 1926.

"Dear John: Your letter with the deed enclosed is just received. I do not agree with you, Bess & Earl in this matter. The house is father's home and he is the one who should have the deed. I am therefore rewriting the deed conveying the property to T. S. Holmes and his wife Virginia L. Holmes so long as either of them may live. Upon the death of both of them the property reverts to the grantor T. W. Holmes, his brothers and sister of the whole blood, share and share alike.

"Your brother,
"WYATT HOLMES."

In view of the circumstances of this case, the said letter, unless given some strained interpretation, embraces important admissions against the interest of the writer thereof; but the chancellor excluded it and refused to consider it. No reason for this ruling is stated in the record, but we are informed in the argument that the exclusion was based upon the objection that the letter was inadmissible under the statute on the subject of the testimony of parties interested in the estate of a deceased person. The statute excludes the testimony of a party in interest only when the proffered testimony tends to take something away from or out of the estate, not when its effect is to put something back into the estate, as in the case here. It was error to exclude the said letter.

But without consideration of the aforesaid letter, and laying aside the admissions which it contains, we would have but little hesitation in holding that the evidence is sufficient to make out the case for the relief prayed by the bill. The essential facts necessary under the above-stated elemental principle of equity jurisprud-

ence in reference to a purchase by a trustee with trust property is in this case clearly and positively shown by the evidence, and we repeat that there is no dispute of that evidence. Hence the argument of doubt or want of certainty has no place. When the testimony in a case is reasonable, which is to say, is not contrary to practical, everyday experience and observation, deals with facts rather than estimates or opinions, and is undisputed, the judicial duty is to act upon it, and there is no authority to refuse so to do; nor in such a situation may courts embark upon conjectures that undisputed, reasonable testimony may be untrue or mistaken, or that something else might possibly be true when there are no substantial grounds within the record upon which cogent and logical inferences may be drawn to that effect; and we fail to perceive any such grounds in this case.

However, we are unable to render a decree for appellants here for the reason that it appears that more than a year before the final decree, one of the complainants, Mrs. Virginia L. Holmes, the owner of an undivided one-thirtieth interest, withdrew from the suit and procured an order to that effect. She was not thereafter made a defendant, as was essential before the court could properly proceed; from which it follows that one of the owners, a necessary party, is not now connected with the suit, and that no final decree can be made either here or in the trial court until this necessary party shall be brought back into court so as to be bound by the decree.

*Reversed and remanded.*