Davis *v.* Davis.

Apr. 20, 1953

No. 38725        28 Adv. S. 19        64 So. 2d 145

*Wm. P. Cassedy*, for appellant.

*Wm. S. Murphy*, for appellee.

LEE, J.

Louis Hiram Davis appealed here from the dismissal by the chancery court of his petition to reduce weekly payments for the support of his wife, Mrs. Mary Lou Golden Davis, and two of their children.

He obtained a divorce on April 18, 1949. He had offered to, and did, convey his interest in their home in the Town of Lucedale to his wife; and the decree ordered him to pay her weekly the sum of $30 for her support and that of the children. Thereafter, on February 21, 1952, he filed his petition which asked for a reduction to $15 a week.

He alleged a change of conditions: One of the children had reached his majority and was in the armed forces, and the daughter was almost eighteen years of age and was capable of supporting herself. His earnings had been substantially reduced, and his wife, whom he had married about a month after the date of the divorce and who had been working, had become disabled; and on account of these circumstances, he was not able to pay $30 weekly. The answer admitted that the son was in service, but that the daughter's expenses were greater because she was in high school; that the cost of living has increased since the original decree; that he was able to pay the full amount; and that her benefits should not be decreased on account of his contracting another marriage.

Davis testified that he agreed, at the time of the divorce, that he was able to pay $30 a week. At that time he was earning from $64 to $68 weekly. His present wife was working at the time of their marriage and received $25 weekly. She continued her employment until five or six months before the trial when she became disabled and was then unable to work. He was earning only $46.80 a week. His monthly earnings for the preceding twelve month period averaged slightly over $200. He owned a car, had to pay living expenses, but was not buying furniture. He admitted that he bought a home for $2,500 on which he had paid $2,400 in monthly amounts of $100, but that his wife had helped him to make those payments. He then owed $800 on unsecured loans. His daughter was expecting to finish high school that session, and she could then work as a clerk or waitress.

He rested at the conclusion of his testimony, and thereupon, the appellee moved the dismissal of the petition and the continuance of the payments at $30 weekly.

The decree dismissed the petition and found ''from the evidence and proof . . . that petitioner is able to pay Mary Lou Golden Davis and Mary Lucille Davis, their minor daughter, for alimony and support money the sum of $30 per week . . .'' It was then provided that, temporarily, he should have four months in which to straighten out his affairs, and, for the period of May ℓ 1952, the date of the decree, until September 8, 1952, he should pay $20 weekly and thereafter $30 per week.

Of course, it is well settled that ▮▮ ▮ the assumption of a second marriage will not relieve a husband and father from the payment of alimony and support to the first wife and child, according to the provisions of the decree of divorce. DeMarco v. DeMarco, 199 Miss. 165, 24 So. 2d 358.

Whether, the amount of the original award was excessive is not here considered inasmuch as the appellant was willing to contribute to the support of his children,

and he testified that he was able to pay $30 weekly at that time.

■■■ However, there was a change in conditions. The son had gone into military service. The daughter was completing high school. The happening of these events entitled him to a reduction. Besides, his earnings had decreased sharply. His testimony was clear and reasonable. It was not susceptible of an interpretation that he was able to pay $30 a week, as adjudged by the decree. No evidence was offered by the appellee, although Davis had made a case entitling him to relief. Consequently the decree was manifestly wrong, and must be reversed. Lucedale Veneer Company v. Rogers, 211 Miss. 613, 53 So. 2d 69; Holmes v. Holmes, 154 Miss. 713, 123 So. 865.

■■■ On the next hearing, in the construction of Section 2743, Code of 1942, the wife's necessity and that of the daughter, if she is so situated, and the husband and father's ability must determine the amount of the award. Chambers v. Chambers, 213 Miss. 71, 56 So. 2d 33. A number of our cases have blazed the trail. Some of which are Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491; Primrose v. Primrose, 97 So. 418; Gresham v. Gresham, 198 Miss. 43, 21 So. 2d 414; Kincaid v. Kincaid, 207 Miss. 692, 43 So. 2d 108.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington* and *Ethridge, JJ.,* concur.