CUPIT *v.* BROOKS.

No. 39626          April 18, 1955          79 So. 2d 478

*C. W. McKewen, Dan E. Breland,* Jackson, for appellant.

*Barnett, Jones & Montgomery,* Jackson, for appellee.

ETHRIDGE, J.

On December 9, 1952, appellant, Horace D. Cupit, Jr., obtained a divorce from his wife, the appellee, Mrs. Bonnie S. Cupit Brooks, on the grounds of desertion. His bill for divorce was uncontested. The divorce decree granted to appellee, the mother, the permanent custody of their three boys, who are now, respectively, 12, 9, and 8 years of age, and ordered appellant to pay appellee for the support and maintenance of their three children the sum of $125 per month.

On May 11, 1954, appellant petitioned the Chancery Court of Hinds County to amend its decree of December 9, 1952, so as to reduce the amount of support money required of him for the children. It was charged that the conditions had changed substantially since the original decree, that appellant was ill and was earning substantially less than he was at the time of the 1952 decree, and that appellee was earning more than she had previously earned. After a hearing on June 14, 1954, at which appellant and appellee testified, the court entered a decree modifying its 1952 decree. It ordered appellant to pay support money for the children in the amount of $105 a month for twelve months, and thereafter $120 per month until further order of the court. Appellant was in arrears for prior support money in the amount of $275, and the court ordered him to amortize that arrearage at the rate of $25 per month beginning September 1, 1954.

The undisputed evidence shows that at the time of the 1952 decree appellant was earning $60 a week, and often more than that as a result of overtime work. At the time of the hearing in June 1954, because of his arthritis and neuritis, and economic conditions in general, he was unable to work as a meat cutter, and was earn-

ing only $35 a week, plus two meals a day. In other words, at the time of the hearing appellant was earning approximately $150 per month. The chancery court ordered him to pay as support money for the children $105 per month, plus $25 per month on the arrears. Hence the decree appealed from in practical effect required appellant to pay $130 per month as support money for a year, and $120 thereafter. Since he is only earning $150 per month, this leaves him only $20 per month on which to live for a year, and $30 per month thereafter. We think that the decree is, for that reason, manifestly wrong and against the great weight of the evidence on this record.

██ ██ The chancery court must consider both the children's necessity and the father's ability to pay. Davis v. Davis, 217 Miss. 313, 64 So. 2d 145 (1953). ██ ██ Appellant has a right to pay his necessary living expenses out of his earnings, but he must live economically, and whenever he has any money not required for his necessary living expenses, it is his duty to pay it on the decree. Ramsay v. Ramsay, 125 Miss. 185, 197, 87 So. 491 (1921); Amis, Divorce and Separation in Mississippi (1935), Secs. 233, 236; 27 C. J. S., Divorce, Sec. 322, p. 1242, footnote 71.

██ ██ Of course other factors also enter into the consideration of a decree for support of children. Under Code of 1942, Sec. 2743, as amended by Mississippi Laws 1954, Chap. 228, "where proof shows that both parents have separate incomes or estates, the court may require that each parent contribute to the support and maintenance of the children of the marriage in proportion to the relative financial ability of each." However, the chancellor was warranted in finding that appellee was making a substantial contribution to the support of the children from her own income derived from her job. Nevertheless, we think that it is wholly unreasonable to expect appellant to live on a net income of approximately $20 to $30 a month, plus two meals a day. So on this

record, which is based upon testimony heard by the chancellor in June 1954, the decree is erroneous with reference to the amount of support it directed appellant to pay on his income at that time. Of course since that time circumstances may have changed, and on remand the chancellor will examine the present facts and make such a support allowance as is commensurate with the needs of the children and appellant's ability to pay at the time of the new hearing.

Reversed and remanded.

*McGehee, C. J.*, and *Lee, Arrington* and *Gillespie, JJ.*, concur.