Cupit, et al. *v.* Brooks.

No. 41203          June 8, 1959          112 So. 2d 813

*John R. Poole,* Jackson, for appellants.

*Carl C. Bostic,* Jackson, for appellee.

McGᴇʜᴇᴇ, C. J.

The appellant, Horace Dodds Cupit, Jr., and the appellee were married to each other on June 29, 1940. He obtained a divorce from her on December 9, 1952, on the ground of desertion. The case was uncontested. She was awarded the custody of the three children who are

now twelve, fourteen and sixteen years of age respectively. It was also consented and agreed that he would pay her the sum of $125 per month for the support of the children.

On May 11, 1954, the appellant filed a petition in the Chancery Court of Hinds County asking that the decree of December 9, 1952, be modified and the amount of the alimony reduced. The trial court reduced the alimony to $105 per month for the first twelve months and to $120 per month thereafter until further order of the court. At that time, the appellant was in arrears for prior support money for the children in the amount of $275 and the court ordered him to amortize that arrearage at the rate of $25 per month beginning September 1, 1954, which would have required him to pay a total of $145 per month. He appealed from that decree and this Court reversed and remanded the same, saying, among other things that "Of course since that time circumstances may have changed, and on remand the chancellor will examine the present facts and make such a support allowance as is commensurate with the needs of the children and appellant's ability to pay at the time of the new hearing."

After the remand, the appellant, who had appealed from the decree of the chancery court rendered on his petition for a modification of the decree of December 9, 1952, wholly failed to take any steps to obtain a hearing before the chancellor pursuant to the remand by this Court. In the meantime, he had paid $75 per month for several months and later reduced his payments to $50 per month for the support of the children and then became in arrears in making the $50 payments and was cited by the appellee, Mrs. Brooks, to appear at a hearing before the court and show cause why he should not be found in contempt of the court. There was a hearing on her petition but the appellant was not adjudged to be in contempt of court, no adjudication having been made

at all on that question, but the chancellor heard the facts fully in regard to the needs of the children and the ability of their father to support them, and he then rendered a decree requiring the father to pay the sum of $100 per month for the support of these three growing school children.

It is contended by the appellants that the trial court should have followed the terms of the remand of the case from this Court, and that he did not have authority to proceed in the matter otherwise. Numerous authorities are cited by the appellants which support this contention. But in reality the action of the court in failing to adjudge the husband in contempt of court, and in reducing the alimony to $100 per month after hearing all the facts and circumstances as to the amount being earned by the mother of the children, the amount needed for their support, and the facts with reference to their father's ability to pay, we think amounted to a substantial compliance with the holding of this Court rendered in the case of Cupit v. Brooks, 79 So. 2d 478, 223 Miss. 887.

The proof showed that the mother of the children had remarried and that she was living comfortably with her second husband and was earning the sum of $275 per month; that their father remarried on November 6, 1956; that his second wife had been operating the Kelley Eat Shop in Jackson for about thirteen years and that she and the appellant carried a joint account in the operation of the business and that he worked in the restaurant and performed other duties in connection with the business at a salary of approximately $150 per month. There was a garnishment served on the First National Bank which held on deposit to the joint account of Mr. and Mrs. Cupit, as individuals and not the account of the partnership of Kelley Eat Shop, the sum of $334.67. They also had something more than $4,000 in their joint account at the First Federal Savings and Loan Association but this was not caught under garnish-

ment and was later removed elsewhere. But the preponderance of the evidence showed that this money, in the approximate sum of $4,000, in reality belonged to the second Mrs. Cupit and represented her savings from the operation of her restaurant over the said period of thirteen years. The $334.67 at the First National Bank (even though it may have been earned in the business operated in the name of Kelley Eat Shop) had been placed in the current joint checking account of Mr. and Mrs. Cupit, or either of them, and she testified that Mr. Cupit had checked on the same both for the payment of the bills and in making payments of support money to his children. We think that the foregoing facts distinguish the cases of Williams v. Gage, 49 Miss. 777; Fewell, et al. v. American Surety Co., et al., 80 Miss. 782, 28 So. 755; S & W Construction Co., et al. v. Wood, 194 Miss. 831, 13 So. 2d 625; and other authorities relied on by appellants, from the case at bar. That therefore no reversible error was committed by the chancellor in ordering that the $334.67 be applied on the sum of $1,715.33 for which the appellant Horace Dodds Cupit, Jr. was in arrears in support money for his children on November 17, 1958, or in fixing the sum to be paid thereafter for that purpose at the sum of $100 per month. The decree appealed from must therefore be affirmed.

Affirmed.

*Hall, Lee, Arrington* and *Ethridge, JJ.,* concur.