547 So.2d 800 (1989)
DELTA FERTILIZER, INC.
v.
Jack Morgan WEAVER d/b/a Newton Feeder Service.
No. 07-58599.
Supreme Court of Mississippi.
July 26, 1989.
Michael A. Boland, Eaves & Eaves, Jackson, for appellant.
Jack W. Brand, Bill T. May, Gerald, Brand, Watters, Cox & Hemleben, Newton, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
HAWKINS, Presiding Justice, for the Court:
Delta Fertilizer, Inc., has appealed from a judgment of the circuit court of Newton County dismissing its garnishment of the joint accounts of the judgment debtor Jack Morgan Weaver and his mother Mrs. Eleanor Weaver. What are the rights of a *801 judgment creditor and the owners of a joint account, other than the judgment debtor, in a garnished joint account in the name of the judgment debtor and other parties? We hold that the other parties to a joint account by evidence may establish actual ownership of the funds and defeat the writ of garnishment. We find no reversible error in the circuit judge's determination that Mrs. Weaver was the actual owner of these funds, and affirm.

FACTS
Delta Fertilizer, Inc., a Connecticut corporation doing business in Mississippi, secured a judgment in the circuit court of Newton County on an open account against Jack Morgan Weaver, doing business as Newton Feeder Service, in the amount of $62,459.66.
Thereafter, upon Delta's suggestion, the circuit clerk issued writs of garnishment to various banks. In the People's Bank of Newton there was a joint checking account in the amount of $1,777.60 in the names of "Eleanor Weaver or Jack Morgan Weaver." There were also two certificates of deposit from the bank in the names of "Eleanor Weaver or Jack Morgan Weaver or Sonya Ezell," certificate of deposit number 05203 in the amount of $2,569.20 and the other number 05205 in the amount of $2,550.00.
There was a joint savings account in Unifirst Bank for Savings, F.A., in the amount of $5,970.59 in the names of "Mrs. Eleanor D. Weaver, Jack Morgan Weaver and Sonya Weaver Ezell." Jack Morgan Weaver is Mrs. Eleanor Weaver's son, and Mrs. Ezell is the daughter of Mrs. Weaver.
Mrs. Weaver filed a motion January 27, 1986, claiming to be the sole owner of all monies in these accounts, and requesting a hearing. People's Bank held the funds pending court action, and Unifirst interpleaded the funds held by it into court.
Mrs. Weaver and Jack were the only persons who testified at the hearing on the motion. Both testified that all the funds in these accounts belonged solely to Mrs. Weaver. Mrs. Weaver, a widow who had lost her eyesight, testified the funds had been in the institutions for years, and that she depended upon her son to do her banking. She said her son's and daughter's names on the accounts were for convenience, and "Someone must help me, because I just can't handle money anymore."
There was no objection to any of this testimony as violative of the best evidence rule. M.R.E. 1002. There was no documentation as to the source of the funds deposited in these accounts.
At the conclusion of the hearing, the circuit judge held that Mrs. Weaver "has met the burden of proof and clearly established that the funds that were within these accounts, although her son's name is on those accounts, and although her daughter's name is on those accounts, the monies belong to her, as a result of earnings from her place of business and from the sale of stock." Judgment was accordingly entered holding the funds belonged to Mrs. Weaver, and dismissing the writs of garnishments.
Delta Fertilizer, Inc., has appealed.

LAW
Miss. Code Ann. §§ 81-5-63 and XX-XX-XXX dealing, respectively, with joint deposits in a bank checking account and in a savings account in a savings association creates a presumption of joint tenancy ownership with the right of survivorship.[1] On *802 the other hand, such presumption does not apply to bank issued certificates of deposit held in the names of two or more persons, in the absence of expressed intent on the certificate to create such joint tenancy. Matter of Estate of Holloway, 515 So.2d 1217, 1222-1223 (Miss. 1987).

RESPECTIVE RIGHTS
What are the respective rights of a garnishor judgment creditor and the owner, other than the judgment debtor owner, in a joint account?
We addressed this question in Cupit v. Brooks, 237 Miss. 61, 112 So.2d 813 (1959), in which the divorced wife garnished a joint checking account in the name of her former husband and his second wife, and a joint savings account in a savings association in their two names. At trial the second wife testified that the money in the savings association represented her own savings deposited by her, while the funds in the checking account came from a restaurant business owned by the second wife, but in which her husband worked. The proof also showed that the husband had from time to time written checks from this account for support money to his children borne of the first marriage.
The chancellor ordered that the funds garnished in the checking account be applied to support money arrears due the first wife. We affirmed.
The distinction between that case and this, of course, is that in this case there was no proof Jack Morgan Weaver having any interest of any kind in the jointly held funds.
A joint bank or savings account is subject to garnishment. Cupit v. Brooks, supra. In some jurisdictions there is a presumption of equal ownership in joint accounts, and only the interest of the joint debtor is subject to garnishment in the absence of proof by the judgment creditor that the judgment debtor owned a greater interest. Miller v. Clayco State Bank, 10 Kan. App.2d 659, 708 P.2d 997 (1985); Murphy v. Michigan Trust Co., 221 Mich. 243, 190 N.W. 698 (1922); Darst v. Awe, 235 Mich. 1, 209 N.W. 65 (1926); Dover Trust Co. v. Brooks, 111 N.J. Eq. 40, 160 A. 890 (1932).
In the majority of jurisdictions, the entire account is vulnerable, but evidence is permitted to show the respective ownership of each depositor. Baker v. Baker, 710 P.2d 129 (Okla. App. 1985); Yakima Adjustment Service, Inc. v. Durand, 28 Wash. App. 180, 622 P.2d 408 (1981); Park Enterprises, Inc. v. Trach, 233 Minn. 467, 47 N.W.2d 194 (1951). 11 A.L.R.3rd 1465. Republic-bank Dallas v. National Bank, 705 S.W.2d 310 (Tex. App. 6 Dist. 1986); Hayden v. Gardner, 238 Ark. 351, 381 S.W.2d 752, 11 A.L.R.3rd 1461 (1964).
In Hayden v. Gardner, the Arkansas Supreme Court succinctly stated the problem, and in our view the better rule, which we followed in Cupit v. Brooks, supra.

General Statement. Even a casual research of the authorities reveals that the law relative to the garnishment of joint bank accounts is far from settled or uniform. We know of no better way to emphasize this fact than to refer to an article published in 26 U Chi L Rev, Spring of 1959, pp 376-404, and particularly to the caption given the article as carried in CCH 1959-60 Legal Periodical Digest paragraph 1029. The caption is: "Five More Years of the Joint Bank Account Muddle". Equally revealing is a case note, Garnishment, Vol 71 Harvard Law Review 557 (1957-58) [Leaf v McGowan, 13 Ill App 2d 58, 141 NE2d 67 (1957)] where we find this statement:
"Joint accounts are peculiarly difficult to categorize in common-law terminology. *803 Although they contain a survivorship feature, making them analogous to a joint tenancy, this analogy is weakened by the `joint and several' ownership feature  the right of each depositor, as against the bank, to withdraw all the funds. It is not surprising, therefore, that the problem of the extent to which joint accounts are garnishable for the debts of one depositor has given rise to a wide variety of solutions."
This note then points out that at one extreme some authorities hold a joint account is immune from garnishment, while, at the other extreme it has been "held that the entire account is subject to garnishment on the theory that the creditor is `subrogated' to the power exercisable by the debtor-depositor to withdraw all the money". The note then sets out a third view  "that the joint account should be garnishable only in proportion to the debtor's ownership of the funds, as to which parol evidence is admissible to show the respective contributions of each depositor, as well as any intent of one to make a gift to the other."
Without attempting to evaluate the merits of the above mentioned theories or views, we conclude that the last mentioned one is the most reasonable, and it is the one which we now adopt... .
* * * * * *
... It is our view that under the facts in this case the court should have held all of the joint bank account was prima facie subject to garnishment, and that the burden was on each joint depositor to show what portion of the funds he or she actually owned. We believe this is the fair and reasonable rule because the depositors are in a much better position than the judgment creditor to know the pertinent facts. [Brackets original]
237 Ark. at 352, 381 S.W.2d at 753-754, 11 A.L.R.3d at 1463-1464.
This, likewise, is the rule we adopt in Mississippi, and which was obviously followed by the learned circuit judge.
We find no error in his determination that Mrs. Weaver was the true and equitable owner of these funds, and affirm. This question is fully discussed and annotated in 11 A.L.R.3d 1461 (1967).
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] § 81-5-63. Deposit in name of two or more persons  of deceased persons.

When a deposit has been made or shall hereafter be made in the name of two (2) or more persons, payable to any one (1) of such persons ... or payable to the persons as joint tenants, such deposit or any part thereof or interest or dividends thereon may be paid to any one (1) of the said persons, without liability, whether one or more of said persons be living or not... . The making of a deposit in such form ... shall create a presumption... of the intention of all the persons named on the deposit to vest title to the deposit and the additions thereto and all interest or dividends thereon in the survivor or survivors. ...
§ 81-12-137. Accounts in the name of two (2) or more persons.
(1) [S]avings [a]ccounts may be in the name of two (2) or more persons, whether minor or adult, in such form that the moneys in the accounts are payable to either, or the survivor or survivors, and such much due under such accounts and all additions thereto shall be the property of such persons as joint tenants with the right of survivorship. The moneys due under such accounts may be paid to or on the order of any one (1) of such persons during his lifetime or to or on the order of any one (1) of the survivors of them after the death of any one or more of them... . By written agreement with the [s]avings association, any person may create a joint account with other persons as joint tenants with the right of survivorship and said agreement may be signed only by the persons creating said account.