SULLIVAN, Justice,
concurring:
I concur in all that is decided in the majority’s opinion. I write separately because I disagree with the conclusion reached in Justice Robertson’s concurring opinion to the extent that it suggests that an entire joint bank account may be garnished by a creditor of only one of the joint depositors, despite evidence that the funds are equitably owned by the innocent depositor and the other depositor’s interest in the account is limited.
Justice Robertson cites Park Enterprises, Inc. v. Track, 233 Minn. 467, 47 N.W.2d 194 (1951), in support of his proposition that Mr. Jones, the contractor, “owned” the entire funds in the account. I find Park Enterprises to be the clear minority view, and one which this Court should not endorse.
Moreover, Park Enterprises is distinguishable from the instant case. In Park Enterprises, the Minnesota Supreme Court found that an entire “joint and several” bank account could be garnished by a creditor of one of the depositors because each depositor was entitled to withdraw all or any part of the account. Park Enterprises, 233 Minn, at 470, 47 N.W.2d at 196. A relevant factor noted by the court in reaching this conclusion, however, was the near impossibility of determining which portion of the account belonged to each depositor, who had contributed funds into the account over a long period of time and occasionally withdrew funds for family and individual purposes. Id,., 233 Minn, at 468 & 471, 47 N.W.2d at 195-96. There is no such problem in the instant case.
Justice Robertson also states that Delta Fertilizer, Inc. v. Weaver, 547 So.2d 800 (Miss.1989), “fuzzies things up, and without profit....” I find our analysis and language in Delta Fertilizer to be quite clear.
We first observed the different views in other states, noting that in the majority of states, an “entire [joint] account is vulnerable [to garnishment], but evidence is permitted to show the respective ownership of each depositor.” Delta Fertilizer, 547 So.2d at 802 (numerous foreign cites omitted). Then, we reaffirmed the rule followed in Cupit v. Brooks, 237 Miss. 61, 64-65, 112 So.2d 813 (1959), which is that a “joint account should be garnishable only in proportion to the debtor’s ownership of the funds, as to which parol evidence is admissible to show the respective contributions of each depositor, as well as any intent of one to make a gift to the other.” Delta Fertilizer, 547 So.2d at 803 [citing Hayden v. Gardner, 238 Ark. 351, 352, 381 S.W.2d 752, 753-54, 11 A.L.R.3d 1461, 1463-64 (1964)].
In the instant case, Jones, the contractor, was given authority to withdraw funds from the joint account. However, the Washingtons contributed the entire amount of the deposit, and Jones by agreement was only entitled to withdraw the amount due for labor and materials furnished in the construction of the Washingtons’ home. Applying Cupit, supra, and Delta Fertilizer, supra, with these circumstances in mind, I would find that should the Petes have counterclaimed on appeal for entitlement to the entire amount of the judgment against Jones, the Washingtons would be entitled to put on evidence to prove their ownership to funds they had deposited and which had not yet flowed into the hands of Jones.
ROY NOBLE LEE, C.J., and BANKS, J., join this opinion.