# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00969-SCT

*BRADLEY TEW*

*v.*

*ESTATE OF INFANT JANE DOE, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/13/2002 |
| TRIAL JUDGE: | HON. JOHN C. LOVE, JR. |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JAMES A. WILLIAMS |
| | EDWARD NICHOLAS KRAMER, III |
| ATTORNEY FOR APPELLEE: | STEVEN DETROY SETTLEMIRES |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 11/06/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE McRAE, P.J., EASLEY AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     Unborn infant Jane Doe was killed along with her mother, Jennifer Parker Smith, in an automobile accident on May 31, 1999, in Neshoba County, Mississippi.  At the time of her death, Smith was in her late third trimester of pregnancy with unborn Jane Doe.

¶2.     Jennifer Smith was married to David Smith at the time of her death.  However, they were separated and living apart from one another since December 1994. David Smith executed an affidavit stating that he was not the father of Jane Doe.  Further, the chancery court adjudicated that Bradley Tew was the natural father of Jane Doe.

¶3. Prior to the trial court adjudicating Tew as the natural father, a Petition to Determine Heirs was filed pursuant to Miss. Code Ann. § 11-7-13 (1972), by the Administratrix of the Estate of Jane Doe, Sharmyn Parker, who is the maternal Aunt of Jane Doe. The Petition was joined by Clayton Parker and Martha Munn, the maternal grandparents of Jane Doe.

¶4. At the hearing to determine heirs, the maternal relatives raised the one-year limitation established by Miss. Code Ann. § 91-1-15 (Rev. 1994), in that Tew had taken no action to be declared the father of Jane Doe until summons was issued on the petition to determine heirs. Tew and his witnesses testified that Tew knew of the pregnancy, the accident and subsequent deaths of both Smith and Jane Doe. However, Tew did not make any acknowledgment of the horrific incident.

¶5. On April 10, 2002, the chancellor rendered a written opinion finding that Tew was the natural father of Jane Doe, deceased. The chancellor concluded that Tew had failed to comply with the requirement of § 91-1-15 (3)(c) in that he had taken no action to be declared the father of Jane Doe within one year of her death. The chancellor further found that the statute was constitutional as applied to Tew. Hence, Tew raises the following issues on appeal:

I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT THE ADMINISTRATRIX DID NOT QUALIFY AS AN EXECUTRIX *DE SON TORT* DURING THE ONE YEAR PERIOD FOLLOWING THE DEATH OF JANE DOE.

II. WHETHER SECTION 91-1-15(3) OF THE MISS. CODE ANN. IS CONSTITUTIONAL AS APPLIED TO BRADLEY TEW.

**DISCUSSION**

EXECUTRIX *DE SON TORT*

¶6.    Tew argues that the chancellor erred in finding that the administratrix was not *de son tort* since she knew of the wrongful death claim of Jane Doe and wilfully concealed it. Tew avers that he should be excused from the statutory period because of the administratrix's conduct and that he should be declared the rightful and exclusive wrongful death beneficiary.

¶7.    The relevant statute to this controversy is § 91-1-15 (3)(c), Miss. Code Ann. (1972, as amended) which states:

> [T]he natural father of an illegitimate . . . shall inherit from and through the illegitimate according to the statutes of descent and distribution if . . . there has been an adjudication of paternity after the death of the intestate based upon clear and convincing evidence, in an heirship proceeding under sections 91-1-27 and 91-1-29. **However, no such claim of inheritance shall be recognized unless the action seeking adjudication of paternity is filed within one (1) year after the death of the intestate . . . .**

¶8.    The chancellor recognized that an exception to this one (1) year limitation can exist under certain circumstances, including the situation where a person who is attempting to take from the estate of the intestate intermeddles with the assets of the estate and/or assumes the role of  administratrix without legal authority qualifies as an executrix *de son tort*.  The position of executrix *de son tort* is defined as:

> (O)ne who, without authority from the deceased or the court of probate, assumes, by interference with the estate of the deceased, to act as executor or administrator and performs such acts with respect to the personalty of that estate as can legally be done only by a properly appointed executor or administrator.' 21 Am.Jur. Executors and Administrators s 825 (1939).  But, as indicated by the term itself (which means executor in his own wrong) such an office is implied only for the purpose of this intermeddler's being sued or made liable for the assets with which he has intermeddled. *Id.* at 837. See s 617, Miss.Code 1942 Ann. (1956); *Holmes v. Holmes,* 154 Miss. 713, 123 So. 865 (1929); 34 C.J.S. Executors and Administrators s 1063.

*Murdock Acceptance Corp. v. Woodham*, 208 So.2d 56, 60 (Miss. 1968).

3

¶9.     Upon review of all the evidence presented at trial, the chancellor found that Parker did not engage in conduct sufficient to render herself an executrix *de son tort* within the one year period following the death of Jane Doe.  The chancellor opined that the determination was based upon the absence of testimony that Parker took any action with respect to the assets of the estate of Jane Doe.  The chancellor stated in pertinent part:

> Here, there is no evidence Sharmyn Parker, the administratrix, took any action relative to the assets or estate of Baby Jane Doe during the period of May 31, 1999 through May 31, 2000.  There is nothing in the record to indicate that she even had any idea that there were any assets until the estate was opened on June 13, 2001.  With these facts, there is noting to indicate that she took any action as an administratrix de son tort prior to May 31, 2000.

¶10.    A chancellor's findings of fact should not be disturbed unless manifestly wrong or clearly erroneous.  *Jundoosing v. Jundoosing,* 826 So.2d 85, 88 (Miss. 2002); *In re Estate of Brewer,* 755 So.2d 1108, 1111 (Miss. Ct. App. 1999).  We conclude that the trial court's findings are not manifestly wrong.

CONSTITUTIONAL CHALLENGE

¶11.    Tew argues that § 91-1-15(3)(c) is unconstitutional as a denial of equal protection guaranteed under the Fourteenth Amendment to the United States Constitution, in that the one-year limitation for paternity is a suspect classification.

¶12.    M.R.C.P. 24(d) provides that a party challenging the constitutionality of a statute is required to give notice to the Attorney General "within such time as to afford him an opportunity to intervene and argue the question of constitutionality."  In the instant case, Tew never provided notice of his constitutional challenge to the Attorney General in the trial court.  Additionally, in *Estate of Patterson v. Patterson*, 798 So.2d 347, 351 (Miss. 2001), this Court

declined to address the constitutional challenge because the appellant did not raise the issue below and "did not give the required notice of this issue to the State Attorney General in either the trial or here." *See also* M.R.A.P. 44 (similar procedure on appeal).

¶13.    Contrary to case law as referenced above in ***Estate of Patterson***, the chancery court found that the constitutional challenge was not procedurally barred. The chancellor proceeded to rule on the merits of the challenge and upheld the statute's constitutionality.   ¶14.

Because Tew failed to raise his constitutional challenge as required by M.R.A.P. 44, we decline to address this issue.

## CONCLUSION

¶15.    Parker did not engage in conduct sufficient to render herself an executrix *de son tort* within the one-year period following the death of Jane Doe. Tew's claim is barred by his failure to comply with Miss. Code Ann. § 91-1-15(3)(c).

¶16.    We decline to address Tew's challenge to the constitutionality of the statute. The trial court's judgment is affirmed.

¶17.    **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. DIAZ, J., NOT PARTICIPATING.**