COBB, Presiding Justice, for the Court.
¶ 1. Greenville Lumber Company, Inc. established an open account for Vernon Hammett, so that he could charge building supplies. Subsequently, Hammett failed to pay for the materials, and the lumber company obtained a default judgment against him. Before the judgment was satisfied, Hammett died testate, survived by his widow, Annette F. Hammett, and two adult children. The will was not filed for probate, and because Annette Hammett chose not to open the insolvent estate, Greenville Lumber filed a complaint in the Washington County Circuit Court, demanding judgment against her, individually, in the amount of $21,868.43, plus accrued interest, attorney fees, and court costs. The suit was dismissed on the motion of Annette Hammett, and Greenville Lumber has appealed that decision, asking this Court to determine whether the circuit court erred when it dismissed a credi *503 tor’s claim to recover a testator’s debt where the will was never probated. Finding no error, we affirm the trial court.
FACTS
¶ 2. Vernon Hammett named his wife Annette to be executrix of his last will and testament. She refused, however, to probate Vernon’s will based on advice of counsel that the estate was insolvent, there being no assets to cover the substantial debts. Her counsel further advised that if Greenville Lumber wanted to open the estate, he would have no objection.
¶ 3. Instead of availing itself of the statutory remedy for creditors of insolvent estates, as provided by Miss.Code Ann. § 91-7-263 (Rev.2004), Greenville Lumber sued Annette to recover Vernon’s debt. Pursuant to Miss. R. Civ. P. 12(b)(6), she filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing, among other things, that Greenville Lumber’s reliance on Miss.Code Ann. § 91-7-261 (Rev.2004)[1] as its sole remedy was misplaced. The circuit court agreed with Annette and dismissed the case.
¶ 4. Aggrieved, Greenville Lumber has appealed to this Court, now arguing that Annette was liable to it pursuant to Miss. Code Ann. § 91-7-249 and that the trial court erred by applying the wrong statutory remedy.
ANALYSIS
¶ 5. This Court reviews a circuit court’s decision to dismiss a complaint for failure to state a claim upon which relief can be granted de novo. Black v. City of Tupelo, 853 So.2d 1221, 1223 (Miss.2003). That is, this Court does not defer to the circuit court’s decision, but rather reviews the matter anew to determine whether it appears to a certainty that the plaintiff is not entitled to relief under any set of facts that could be proved in support of his claim. Id. at 1223.
¶ 6. Greenville Lumber argues that the circuit court erred by dismissing its “executor de son tort” or “executor in [her] own wrong” claim against Annette to recover Vernon’s debt. Section 91-7-249 of the Mississippi Code, the statute governing such claims, provides:
If any person shall alienate or embezzle any of the goods, chattels, personal property, or money of a person deceased, before taking out letters testamentary or of administration, such person shall be liable to the action of creditors and other persons aggrieved, as being executor in his own wrong.
Miss.Code Ann. § 91-7-249 (Rev.2004). “Alienate” means “to transfer or convey [property] to another.” Black’s Law Dictionary 73 (7th ed.1999). “Embezzle” means “the fraudulent taking of personal property with which one has been entrusted.” Id. at 540.
¶ 7. Greenville Lumber does not allege that Annette transferred or conveyed the money. Further, there is no allegation that Annette fraudulently or intentionally converted the money. Annette herself urged Greenville Lumber to probate the will. At most, this is a case of Annette merely refusing or wilfully neglecting, for the space of forty days after the death of the testator, to exhibit the will and testament for probate. See Miss.Code Ann. § 91-7-39 (Rev.2004).
¶ 8. Annette responds that the circuit court did not err because Greenville Lumber’s remedy was to probate Vernon’s will. *504 Section 91-7-39, which governs situations where an executrix refuses to probate a will, provides in part:
[I]f the executors named ... shall refuse or wilfully neglect, for the space of forty days after the death of the testator, to exhibit the will and testament for probate[,] ... then administration with the will annexed shall be granted to the person who would be entitled to administer ....
The person who would be entitled to administer could be a creditor, pursuant to Miss.Code Ann. § 91-7-263 (Rev.2004), which reads in pertinent part:
Any creditor of the decedent may represent to the court that the estate is insolvent, and thereupon the executor or administrator and heirs or devisees shall be summoned to answer whether or not it be insolvent. If it shall be found so, like proceedings shall be had as when an estate is represented to be insolvent by the executor or administrator.
¶ 9. Although there is no case directly on point with the present case, a survey of Mississippi “executor de son tort” or “executor in his own wrong” cases reveals that a defendant must deliberately “alienate or embezzle” rather than merely “refuse or wilfully neglect ... to exhibit the will and testament for probate” to be liable under section 91-7-249. For example, in Estate of Johnson v. Hams, 705 So.2d 819, 823 (Miss.1996), a defendant was found to be an “executor de son tort” not because she failed to administer her half-brother’s estate, but because she entered into an agreement to convey his property rights. And, in Holmes v. Holmes, 154 Miss. 713, 715, 123 So. 865, 866 (1929), a defendant was an “executor de son tort” not because he failed to administer his wife’s estate, but because he continued to operate her business. In this case, by contrast, it appears to a certainty that Annette has not taken a deliberate act such as entering into a contract to convey property rights or continuing to operate a business; rather, she simply chose not to incur the additional expenses of probating her husband’s will when the estate was insolvent. Therefore, the circuit court did not err when it dismissed Greenville Lumber’s action.
CONCLUSION
¶ 10. The trial court correctly determined that Greenville Lumber erroneously relied on Section 91-7-261 and properly noted the statutory alternatives for a creditor to pursue when a will is not probated by the executrix. Although the circuit judge did not mention the Section 91-7-249 “executor de son tort” argument in his order granting dismissal, there is nothing in the record before this Court to support such an argument.[2]
¶ 11. We affirm the trial court’s judgment dismissing this action against Annette Hammett.
¶ 12. AFFIRMED.
SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.

. Greenville Lumber's complaint mentions only one statute, § 91-7-261. However, in its response to the motion to dismiss, Greenville Lumber expands its argument to include not only § 91-7-261 but also §§ 91-7-249 and 91-7-145.

. That code section is not even mentioned in Greenville Lumber's complaint, and the argument regarding it receives only bare mention (11 lines out of 4 pages) in Greenville Lumber's response to the motion to dismiss. However, the sole issue stated in Greenville Lumber’s brief is: "ISSUE: Was the Circuit Court of Washington County in error when said Court dismissed the Complaint filed by Greenville Lumber Company against Annette F. Hammett pursuant to Section 91-7-249 of the Mississippi Code of 1972 as amended?"