IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-60511

UNITED STATES OF AMERICA

Plaintiff-Appellant

FEDERAL INSURANCE COMPANY; PEOPLES FINANCIAL
CORPORATION; PEOPLES BANK OF BILOXI

Intervenors-Appellants

v.

RALPH ANGELO SEYMOUR; also known as Sonny Seymour

Defendant-Appellee

STIFEL, NICOLAUS & COMPANY INC.

Garnishee-Appellee

JUDY SEYMOUR

Interested Party-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CR-114-1

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellants challenge the district court's ruling that only half of the joint bank account of Ralph and Judy Seymour (husband and wife) is subject to a pending garnishment. At issue is whether it was error to apply Mississippi's equitable-distribution system for marital property to the garnishment proceeding, providing Judy Seymour an ownership interest in the joint account. VACATED AND REMANDED.

I.

Ralph Seymour pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344. He was ordered, inter alia, to pay $376,705.06 in restitution to Federal Insurance Company, Peoples Financial Corporation, and Peoples Bank of Biloxi (Intervenors).

The United States' application for writ of garnishment upon Ralph Seymour's property was served on Stifel, Nicholas & Company, Inc. Stifel answered that $112,473.92 was held in the joint account of Ralph and Judy Seymour.

Judy Seymour filed an objection to the garnishment, claiming to be the equitable owner of half of the account's funds. Intervenors moved for leave to intervene, and for turnover of the funds being held pursuant to the writ of garnishment.

Following the district court's ordering the turnover, but then vacating that order, Intervenors again sought turnover. Judy Seymour claimed, under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mississippi law, an equitable interest in half of the funds, based on her marriage to Ralph Seymour and the funds' being accumulated during the course of their marriage. She asserted she participated in no wrongdoing, and reaped no benefit from that of her husband.

Consistent with Judy Seymour's position, the district court denied the turnover motion in part, and granted it in part. It ordered half of the funds to be turned over and half to remain in the joint account for the benefit of Judy Seymour.

II.

Appellants contend the district court abused its discretion in ruling Judy Seymour, under equitable principles, owns half of the funds, rendering them not subject to garnishment. "While the entry of a turnover order is reviewed for an abuse of discretion, a district court necessarily abuses its discretion if its conclusion is based on an erroneous determination of the law." Af-Cap, Inc. v. Republic of Congo, 462 F.3d 417, 425 (5th Cir. 2006), cert. dismissed, 127 S. Ct. 1511 (2007). It goes without saying that state-law determinations are reviewed de novo; in other words, no deference is accorded the district court's application of Mississippi law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); e.g., Af-Cap, 462 F.3d at 425.

Under the Federal Debt Collection Procedures Act, the United States may garnish a debtor's jointly-owned property to enforce a criminal restitution order to the extent allowed by the law of the State where the property is located. 18 U.S.C. § 3613(a); 28 U.S.C. §§ 3010(a), 3205(a). Thus, Mississippi law controls to what extent Ralph and Judy Seymour's joint account is subject to this garnishment.

Under Mississippi law, a joint account is prima facie subject to garnishment. Delta Fertilizer, Inc. v. Weaver, 547 So. 2d 800, 803 (Miss. 1989) (citation omitted); see also Deposit Guar. Nat'l Bank v. Pete, 583 So. 2d 180, 183 (Miss. 1991) (citations omitted); Cupit v. Brooks, 112 So. 2d 813 (Miss. 1959). When claiming a portion of that account exempt from garnishment, the burden is on a joint owner to establish the portion of the funds she owns. E.g., MISS. CODE ANN. § 11-35-41; Delta Fertilizer, 547 So. 2d at 803. For that purpose, "parol evidence is admissible to show the respective contributions of each depositor, as well as any intent of one to make a gift to the other". Delta Fertilizer, 547 So. 2d at 803 (citation and internal quotation marks omitted).

Judy Seymour does not claim she contributed to, or was given, the account's funds. Instead, she claims only an equitable interest in half of the account, based primarily on its being "marital property" accumulated during her long-term marriage to Ralph Seymour, as well as her lack of wrongdoing and the family's current circumstances. She maintains that, under Mississippi law, title to marital property is not determinative of ownership, but rather, the district court had discretion to determine ownership, pursuant to Ferguson v. Ferguson, 639 So. 2d 921 (Miss. 1994) (adopting equity principles to determine title to marital property in divorce proceeding). Therefore, she asserts, the district court relied properly upon Ferguson to conclude she owned an equitable interest in half of the joint-account's funds, with her half not being subject to the pending garnishment.

As Judy Seymour conceded at oral argument here, however, Ferguson's equitable principles have not been applied by Mississippi courts to garnishment proceedings. Ferguson "devised [a] method[] to divide marital assets at divorce",

4

id. at 925, and has not been applied outside that context. Accordingly, it was error for the district court to apply Ferguson to conclude Judy Seymour had equitable title to half the funds. Moreover, even if Ferguson's equitable principles could be applied to a garnishment proceeding, Ferguson advises: "no right to property vests by virtue of the marriage relationship alone prior to entry of a judgment . . . pursuant to dissolution of the marriage". Id. at 928. In sum, Judy Seymour has no vested right in the joint account solely by virtue of her marriage to Ralph Seymour.

As stated, whether the joint-owner has established ownership of the account is determinative under Mississippi law. E.g., Delta Fertilizer, 547 So. 2d at 803. Ralph and Judy Seymour's joint account was opened with shares of stock belonging to both of them, and was funded by the liquidation of Ralph Seymour's retirement account. Judy Seymour has not produced any evidence as to the value of her stock when the account was opened, or any other contributions she made. Nor has she provided evidence that Ralph Seymour gave any funds to her as a gift. Indeed, she claims no legal interest in the funds. Again, her claim rests solely on the marital relationship and equity.

Therefore, under Mississippi law, Judy Seymour did not establish ownership of half of the joint account's funds. Accordingly, all of those funds are subject to the pending garnishment.

### III.

For the foregoing reasons, the judgment is VACATED, and this matter is REMANDED to district court for entry of judgment consistent with this opinion.

VACATED AND REMANDED.

5