LAUREL, CITY OF, *v.* WILLIAM D. TURNER.

GARNISHMENT. *Exemption. Failure to suggest exemption. Code* 1892, §§ 1963, 2139.

A garnishee who pays a judgment rendered against it as such, and takes an assignment of the judgment on which the writ issued remains liable to the judgment debtor where the debt garnished was exempt, as the monthly wages of the head of a family, and the garnishee has failed to suggest the claim of exemption under § 2139, code 1892, and so deprived the debtor of opportunity to interplead.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

Turner, appellee, was plaintiff in the court below; the city of Laurel, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court. The opinion states the case.

*Shannon & Street* and *T. G. McCallum,* for appellant.

We think the judgment rendered in the garnishment proceedings in the justice court against the city of Laurel, against A. J. Lyon & Co., was merely irregular and not void. The jus-

tice court has jurisdiction of the city of Laurel and the filing of the objection to the garnishment did not vitiate the jurisdiction. This court, in *Dollman* v. *Moore,* 70 Miss., 267, speaking of that case, says: "That the trustee of Yazoo City made no objection to submitting to complainant's decree, and the objection, not being jurisdictional, cannot be made by the appellants." Therefore, in this case, the objection of the city of Laurel to answering to the garnishment, not being an objection to the jurisdiction, as stated in the above case, the judgment rendered against it is merely irregular and could have been corrected on an appeal to the circuit court. This court says, in *Moore* v. *Ware,* 51 Miss., 206: "That the judgment of a court having jurisdiction of the subject matter and parties is conclusive so long as not reversed; and cannot be attacked collaterally, however irregular and erroneous." Also see *Parisot* v. *Green,* 46 Miss., 747. Appellants do not contend that a municipality can be garnished against its wishes, but we do contend that where a municipality has been garnisheed, and pleads its exemption, a judgment adverse to it is simply erroneous, and not void. Such a judgment cannot be attacked collaterally.

We also insist that the city of Laurel has authority to waive its right of exemption from garnishment process, and did so by paying an irregular judgment rendered against it, as garnishee, in favor of A. J. Lyon & Co. We submit that the appellee, Turner, had no right to make objection. We think in this suit he occupied the same position as a claimant would in garnishment proceeding, and it has been held that a claimant in a garnishment proceeding cannot question the right of garnishment for mere irregularity, where such irregularity has been waived by the garnishee. *Merrill et al.* v. *Vaughan,* 24 So. R., 580; *Reynolds* v. *Collins,* 78 Ala., 94.

We submit that the court erred in excluding evidence showing that appellee appeared before the municipal board and employed counsel to file pleas in behalf of the city, and that

it was negligence on the part of the appellee, and counsel employed by him, that a proper appeal was not taken to the next term of the circuit court. We think all this evidence should have been brought out since the garnishment proceeding was gone into. By appellee's own evidence the city had paid out the amount sued for on a judgment that is valid and binding and not subject to collateral attack. Appellee and the court below proceeded on the erroneous theory that the judgment against the city was void for want of jurisdiction. The judgment may be erroneous on the ground that it was contrary to public policy to render the judgment, but the courts of this state have jurisdiction in cases of this kind, and the defendant in such cases cannot object if the city does not, the objection not being jurisdictional. *Dollman* v. *Moore,* 70 Miss., 267; *Dollar* v. *Commission Co.,* 78 Miss., 274.

*Harper & Potter,* for appellee.

The satisfaction of the judgment in the garnishment proceedings is no defense to this action, because the garnishee wholly failed to set up the exemption of Turner as a person working for wages, and Turner can now, as he has done, set up this exemption against the city of Laurel. Any other rule would put it in the power of a garnishee to completely defeat the beneficent purpose of the exemption laws, by simply failing to plead such exemption of the defendant, and then paying the judgment, and setting it up in bar of defendant's right of recovery. No court can afford to tolerate the evasion of so beneficent a statute by such a proceeding. Fortunately we are not without authority directly on this point. *Missouri Pas. R. R. Co.* v. *Whipsker,* 8 L. R. A., 322.

Section 2139, code 1892, provides for the method of procedure in such cases, and the garnishee acts at his peril if he fails to take advantage of its provisions. *Wright* v. *C., B. & Q. R. R. Co.,* 19 Neb., 175; *C. & A. R. R. Co.* v. *Ragland,* 84 Ill., 373; *T. H. & I. R. R. Co.* v. *Baker,* 122 Ind., 433; *Lock*

v. *Johnson,* 36 Me., 464; *Walker* v. *Hinze,* 16 Ill. App., 326; *Parker* v. *Wilson,* 61 Vt., 116; *U. P. R. R. Co.* v. *Smersh,* 22 Neb. 751; *Railroad Co.* v. *Smith,* 70 Miss., 344.

*Buckley & Halsell,* on the same side.

In the lower court the appellee introduced the justice's judg-ment and the plea of the city to show that the latter objected to being garnisheed. When the city was garnisheed and the appellee's salary, the meagre sum of ten dollars a month tied up, the city objected and promptly filed its objection, but the judgment shows that it was stricken from the files without any further notice to the city or any further time to answer the writ of garnishment, judgment was peremptory rendered then and there against the city. We contend the judgment is void because the court had no right to render judgment with-out giving time to the city to contest or file an additional answer. *Ins. Co.* v. *Threefoot,* 71 Miss., 392; *McNeill* v. *Roache,* 49 Miss., 436.

The judgment is also void because a municipality is not subject to garnishment if it objects. *Dollman* v. *Moore,* 70 Miss., 267, and authorities there cited; *Dollar* v. *Allen-West Com. Co.,* 78 Miss., 274; *McBain* v. *Rogers,* 29 So. R., 91.

We further contend that Turner, being the head of a family and only receiving the meagre sum of ten dollars a month as wages, his money was exempt and he should have been given an opportunity to claim his exemption, and the city of Laurel, garnishee, his employer, knowing this, should not have paid over the money, but should have let Turner and Lyon & Co. litigate.

The city, as a last resort, attempts to shield itself after having gotten into a hole in paying the void judgment by hav-ing the void judgment assigned to it, that it may use that as a setoff against Turner in any suit he might bring for his salary. We submit that if the city is so foolish as to pay off worthless claims and then attempt to use them as setoffs against

suits, it does so at its peril.  In the case at bar the garnishee was not compelled to pay over Turner's money, and for this negligence and carelessness and disregard of the rights of Turner should be made to pay it again.

CALHOON, J., delivered the opinion of the court:

A. J. Lyon & Co. recovered judgment for about $90 in the court of a justice of the peace against W. D. Turner, the appellee, and then garnished the city of Laurel, the appellant, as a debtor of Turner.  The city answered by objecting to being garnished, because a municipality was not subject to such a proceeding.  The justice erroneously overruled this, and gave judgment accordingly.  The city appealed, and the appeal, for some reason not disclosed, was dismissed and afterwards it paid Lyon & Co. the amount of the judgment, and obtained an assignment thereof to itself.  The city thereupon refused to pay Turner his monthly wages, and he sued it in a court of a justice of the peace, which gave judgment for him. The city appealed to the circuit court, and lost there, also, and appeals to this court.

Turner's wages, under code, § 1963, par. 10, cl. "a," were exempt from execution—he being the head of a family; and the city should have set up the fact in its answer to the writ of garnishment.  By not doing so, it "deprived the defendant of the exemption which the law affords him," if its silence were effective, which it is not.  See case of *Railway Co.* v. *Whipsker* (Tex.), 13 S. W., 639; 8 L. R. A., 321; 19 Am. St. R., 734, and its citations, quoted from in the brief of counsel for appellee.  Code 1892, § 2139, marks out the course of the garnished debtor; and, if he fails to observe it, he fails at his own peril.  Exemptions are highly favored by the law, and their protection may not be defeated by the intention or negligence of garnishees.

*Affirmed.*