GULF, M. & N. R. Co. *v.* SANDERS.*

(Division B. May 10, 1926.)

[108 So. 184.   No. 25715.]

1. GARNISHMENT.  *Where railroad company, garnished on valid judgment against its employee, defaulted in answering by time fixed by law and judgment was rendered against it, which it paid, it could set off amount thereof against a debt to its employee where such money was not exempt from execution or garnishment.*

   Where a judgment was obtained against an employee of a railroad company, and garnishment issued thereon against the railroad company, and default made in answering by the time fixed by law, and judgment is rendered against the railroad company for the amount of the judgment debtor claim, which is paid by the railroad company, the railroad company becomes subrogated to the rights of the judgment creditor, and may set off the amount of the judgment against the amount it owes its employee, where such money is not exempt from execution or garnishment.

2. APPEAL AND ERROR.  *In action by employee against railroad company to recover wages, if exemption from garnishment is not pleaded or proven in record, Supreme Court on appeal cannot take cognizance thereof so as to defeat company's claim of right to set off amount which it had paid under garnishment in action against employee.*

   In the case above stated, if the exemption is not pleaded and proven in the record, the court cannot take cognizance of it.  To entitle one to claim such an exemption here, the record must show that the money was exempt from execution or garnishment.

---

*Corpus Juris-Cyc. References:   Appeal and Error, 3CJ, p. 696, n 61; Garnishment, 28CJ, p. 404, n. 65 New; p. 406, n. 89.

APPEAL from circuit court of Union county.

HON. T. E. PEGRAM, Judge.

Action by T. J. Sanders against the Gulf, Mobile & Northern Railroad Company, begun in a court of the justice of the peace. From a judgment of the circuit court for plaintiff, defendant appeals. Reversed and judgment rendered.

*Flowers, Brown & Hester* and *W. N. Key*, for appellant.

Two propositions are relied on by the said T. J. Sanders to sustain the judgment of one hundred thirty-three dollars and eighty-six cents in his favor against the Gulf, Mobile & Northern Railroad Company.

I.   The first proposition is that inasmuch as the said T. J. Sanders was a citizen of Tippah county, Mississippi, at the time the action of H. E. Whitten was instituted against him, the judgment rendered in favor of the said H. E. Whitten is void and does not protect the Gulf, Mobile & Northern Railroad Company in the payment of the judgment against it as garnishee.

Sanders must fail on this proposition, that of the validity of the Whitten judgment, on two grounds. The statute relied on is section 2223, Hemingway's Code. Counsel for Sanders seem to be laboring under a misapprehension as to the statute in question. There is no suggestion in the record that the said Sanders was either a freeholder or a householder in Tippah county, Mississippi, and it will be noted by the most casual examination of the statute that it is not citizens who are exempted from suit outside of their district, but freeholders or householders. On this ground alone, the judgment rendered in favor of H. E. Whitten can be sustained as a valid and binding judgment against T. J. Sanders.

But concede for the sake of the argument that the said T. J. Sanders was a householder or a freeholder in Tip-

pah county, Mississippi, at the time of said suit, the said judgment is still a valid and binding judgment under the authority of *Catlett* v. *Drummond,* 113 Miss. 450, 74 So. 323.

II.    However, in the trial below, T. J. Sanders, by his attorneys, relied more strongly on the proposition that the said Sanders was entitled to recover this money from the railroad company for the reason that the railroad company had not filed its answer in time and had not claimed the money as exempt for the said Sanders, and we desire to discuss this proposition briefly.

In the first place, section 1941, Hemingway's Code, provides that the garnishee "may" claim an exemption for the real defendant, but we submit that this section of the code does not make it obligatory upon the garnishee to claim this exemption. *Laurel* v. *Turner,* 80 Miss. 530, 31 So. 965, is not in point, it having been decided under the Code of 1892.

The exemption provision relied on by Sanders is found in chapter 28, Hemingway's Code, section 1812, paragraph 10, subparagraph A.    It will be seen from said section that the wages of a laborer are exempt to the extent of fifty dollars per month, providing the laborer is the head of a family.

Now there is not a syllable of proof in this record that at the time of the rendition of the judgment in favor of Whitten against said Sanders, or at the time of the rendition of the judgment against the Gulf, Mobile & Northern Railroad Company as garnishee, the said T. J. Sanders was the head of a family or that he had ever been the head of a family.    Nor is there any proof whatever that he was the head of a family at the time he instituted his suit in this case.

The judgment should be reversed and judgment entered here in favor of the said T. J. Sanders for the sum of thirty-five dollars and fifty-six cents, and that the said

T. J. Sanders should be taxed with all the costs of the lower courts and of this appeal.

*B. N. Knox,* for appellee.

The contention. of the appellee is that it was the duty of the garnishee, appellant, to comply with the statute governing the answer of garnishee in courts of the justice of the peace, as set out in section 1942, Hemingway's Code, providing that the answer shall be filed by noon on the return day of the writ, unless the court, for cause shown, shall grant further time. And by failing to comply with this statute the appellee was shut off from presenting any claim for exemption or·from contesting the answer of the garnishee as he had a right under the statute to do. And that by reason of its failure to comply with the statute that any payments made of any judgment by default against it as garnishee was made at its, the appellant's, risk and being charged with knowledge of the law of their duty and not complying with the law, they are liable to the appellee for the full amount of his wages, which is one hundred thirty-three dollars and eighty-six cents.

A garnishee who has judgment rendered against it as such and takes an assignment of the judgment on which the return was issued, remains liable to the judgment debtors where the debt garnished was exempt, as the monthly wages of the head of a family, and the garnishee has failed to suggest the claim or exemption. *Laurel* v. *Turner,* 80 Miss. 530. That is what happened in the case at bar.

No answer having been filed, Sanders was nothing more than a spectator at the trial because there was nothing there for him to contest nor anything before the court for which he could claim his exemption,. and it has been held that a claimant in a garnishment proceeding shall not question the right of garnishment for any irregular-

ity, where such irregularity has been waived by the garnishee. *Reynolds* v. *Collins,* 78 Ala. 94.

The mere fact that the answer was only a few hours late is immaterial. As far as the law is concerned, it might as well have been a month late. The fact that it was mailed to the justice of the peace, but did not reach the court by noon of the return day was also immaterial. *R. R. Co.* v. *Ramsey,* 54 So. 440.

ETHRIDGE, J., delivered the opinion of the court.

The appellee sued the appellant in the court of a justice of the peace for one hundred thirty-three dollars and eighty-six cents due him for wages. The defendant tendered thirty-five dollars and fifty-six cents, conceding that amount to be due, but suggested that in a suit of one Whitten against Sanders, a judgment was rendered against Sanders in the court of the justice of the peace of H. F. Young, a justice of the peace of Union county, Miss., and that in said suit judgment was obtained against Sanders for eighty-eight dollars and fifty cents and costs, and that the appellant was garnisheed in said suit and judgment rendered against it, which it had satisfied and paid.

The case was tried upon an agreed statement of facts in the circuit court, which statement reads as follows:

"It is agreed by and between counsel for plaintiff and counsel for defendant in the above styled cause that this matter may be submitted to Judge Thos. E. Pegram for decision in vacation on the following facts, to-wit: The defendant, T. J. Sanders, was, on and prior to the 1st day of December, 1924, employed by the Gulf, Mobile & Northern Railroad Company as repair track foreman in its shop at New Albany, Miss., in Union County. On the said 1st day of December, 1924, a summons was duly issued against the said T. J. Sanders by H. F. Young, justice of the peace of the Fourth district of Union County,

Miss., requiring him to appear at New Port, Miss., on the 3d day of January, 1925, at ten o'clock a. m., then and there to defend the suit of H. E. Whitten. The said summons was duly served on the said Sanders by J. H. Thornton, constable, on the 5th day of December, 1924. The said Sanders failed to appear on the return day and answer the said suit of H. E. Whitten, and a judgment by default was taken against him in favor of Whitten in the sum of eighty-eight dollars and fifty cents and costs. No appeal was perfected from this judgment.''

The cause was submitted to the circuit judge on the agreed statement of facts and by him taken under advisement, and judgment was rendered against the railroad company for the full amount sued for, from which judgment this appeal is prosecuted.

It is conceded by the appellee that the judgment in the court of the justice of the peace of H. F. Young, justice of the peace, against Sanders was a valid judgment, but it is contended that Sanders is entitled to the judgment obtained because the railroad company did not answer the will of garnishment by noon on the return day, and, by reason of failure to answer, judgment was rendered against it, and that such rendition of judgment, being due to the fault of the railroad company, did not entitle the railroad company to set off the amount of such judgment against its payment. It is claimed that the case of *Laurel* v. *Turner,* 80 Miss. 530, 31 So. 965, controls and upholds the validity of the appellee's victory before the circuit court.

It will be seen from the agreed statement of facts that there is nothing to show that Sanders is the head of a family and entitled to the exemptions allowed heads of families by statute. In the case of *Laurel* v. *Turner,* the person recovering there was the head of the family and his wages were exempt, so we think that the case is not controlling here, although the defendant did not answer the writ of garnishment in the time required by law,

and had to satisfy the plaintiff on that judgment date, but had to do so by virtue of the garnishment proceeding; and, having satisfied Whitten's demand by virtue of the garnishment proceeding, the company was entitled to be subrogated to the rights of the judgment creditor in that judgment. It was the duty of the plaintiff in the present case, if he was the head of the family and entitled to the exemption, to have made that claim in the court below and sustained it by appropriate proof. We cannot here take cognizance of that fact, if it be a fact, but must render judgment upon the record before us.

We are of the opinion that the judgment of the court below was wrong and the contention of the railroad company should have been sustained. Judgment will therefore be reversed and judgment rendered here for the railroad company.

Reversed, and judgment here for appellant.

*Reversed.*