# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 97-CA-00291-COA

**GLENN FOLSE**                                                    **APPELLANT**

**v.**

**PAULA N. STENNET-YANCEY**                                        **APPELLEE**

DATE OF JUDGMENT:            01/29/97
TRIAL JUDGE:                 HON. ROBERT WALTER BAILEY
COURT FROM WHICH APPEALED:   LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      ROBERT WHITE
ATTORNEY FOR APPELLEE:       PAULA N. STENNETT-YANCEY
NATURE OF THE CASE:          CIVIL - OTHER
TRIAL COURT DISPOSITION:     JUDGMENT OVERRULING MOTION TO VACATE
                             DEFAULT JUDGMENT.
DISPOSITION:                 REVERSED AND REMANDED - 05/04/1999
MOTION FOR REHEARING FILED:  5/18/99
CERTIORARI FILED: August 31,
1999
MANDATE ISSUED:

EN BANC.

KING, P.J., FOR THE COURT:

¶1. The appellee, Paula Yancey, was granted a default judgment on a writ of garnishment in the County Court of Lauderdale County against the appellant, Glenn Folse. This default was predicated upon the failure of Folse to appear and claim exemptions. Feeling that the default judgment was granted in error, Folse has appealed and assigned the following as error:

**I. Whether a default judgment may be taken against an out-of-state defendant without notice where a suggestion of an exemption has been made.**

**II. Whether a default judgment may be taken against a defendant without the three day notice contemplated by M.R.C.P. 55(b) where the plaintiff is aware of defendant's intent to defend the**

**lawsuit.**

Because this Court finds merit in Folse's second issue, it reverses and remands this case.

### Facts

¶2. Paula Yancey sued Glenn Folse in the Lauderdale County Court for unpaid legal fees incurred during the handling of his divorce. On October 23, 1995, Yancey was awarded a $8,054.91 default judgment against Folse.

¶3. On November 9, 1995 Yancey caused a writ of garnishment to be issued to Stevens & Ward, P.A. ("Stevens") of Jackson from the Lauderdale County Court. Stevens owed Folse $7,303.33 in legal fees earned in a matter in which he had acted as co-counsel.

¶4. On November 30, 1995, in response to the writ of garnishment, Stevens interpled the $7,303.33 into the Hinds County Chancery Court, First Judicial District.

¶5. On December 4, 1996, Stevens answered the writ of garnishment in Lauderdale County. In its answer, Stevens stated that Folse's last known address was "1001 Edenbourne Street, Pineville, Louisiana 71360." Stevens further stated that it owed a $7,303.33 debt to Folse but had no knowledge whether those funds were exempt from garnishment.

¶6. On January 5, 1996, the Lauderdale County Court Clerk sent notice to Folse of his right to claim an exemption to the garnishment. This notice was sent to the address provided by Stevens in its answer. That notice was returned marked "return to sender" on January 16, 1996. No other attempt was made to provide written notice to Folse.

¶7. On January 11, 1996, Folse answered Steven's complaint of interpleader and filed a declaration of exempt property in Hinds County. In his declaration, Folse claimed the $7,303.33 qualified as cash on hand and was exempt from garnishment pursuant to Miss. Code Ann. § 85-3-1 (Rev. 1991). Yancey was served with Folse's answer and declaration of exemption on January 11th and 24th, 1996.

¶8. On January 30, 1996, a hearing on the interpleader was held before the Hinds County Chancery Court. On Yancey's motion, the chancellor dismissed the interpleader action with prejudice for lack of subject matter jurisdiction and transferred the $7,303.33 to the Lauderdale County Court. Both parties approved the order which transferred the $7,303.33 to Lauderdale County and dismissed the interpleader with prejudice.

¶9. According to Yancey's brief, upon dismissal of the interpleader, she requested Folse's attorney "to file something" in Lauderdale County to support his position that the $7,303.33 was exempt.

¶10. According to Folse's brief, he understood that after the dismissal of the Hinds County interpleader that the entire action, not just the $7,303.33, had been transferred to Lauderdale County.

¶11. On February 7, 1996, Yancey applied for and was granted a default judgment in the Lauderdale County Court. On March 9, 1996, the $7,303.33 was paid over to Yancey.

¶12. On April 24, 1996, Folse moved to vacate the default judgment. As grounds for this motion, Folse alleged that he never received the 30 day notice required by Miss. Code Ann. §11-35-33 (1972) nor was

he provided the three days written notice of entry of default mandated by M.R.C.P. 55(b) . The Lauderdale County Court denied Folse's motion for failure to make an appearance. The Lauderdale County Court also noted that the interpleader action in which Folse had appeared was dismissed with prejudice. The Lauderdale County Circuit Court affirmed the county court.

## DISCUSSION

### I. WHETHER A DEFAULT JUDGMENT MAY BE TAKEN AGAINST AN OUT-OF-STATE DEFENDANT WITHOUT NOTICE WHERE A SUGGESTION OF AN EXEMPTION HAS BEEN MADE.

¶13. Folse argues that the default judgment entered against him is void for lack of service of process. Folse advises that the Lauderdale County Court Clerk mailed a defective notice of right to claim exemptions pursuant to Miss. Code Ann. § 85-3-1 (Rev. 1991).[1] Folse claims that this notice was never received by him and was returned to the Lauderdale County Court marked "return to sender." Folse contends that no further attempt was made to serve him with the notice of the garnishment proceeding.

¶14. Mississippi Code Annotated § 11-35-33 (1972) reads as follows:

> Any garnishee who answers admitting an indebtedness, or the possession of property due or belonging to the defendant, may show by his answer that he is advised and believes that the defendant does or will claim the debt or property, or some part thereof, as exempt from garnishment, levy, or sale. Upon the filing of such answer, the clerk or justice of the peace shall issue a summons or make publication, *if the defendant be shown by oath to be absent from the state*, for the defendant, notifying him of the garnishment and the garnishment and the answer, and requiring him to assert his right to the exemption. . . .*If the defendant fail to appear, judgment by default may be taken against him, adjudging that he is not entitled to the property or debt as exempt; but if he appear, the court shall, on his motion, cause an issue to be made up and tried between him and the plaintiff*. (emphasis added).

In the case at bar, Stevens was served with a writ of garnishment by Yancey to collect on a default judgment against Folse. Stevens, the garnishee, answered the writ of garnishment as follows:

> 1. The law firm of Stevens & Ward, P.A., has a debt to the Defendant, Glenn Folse, in the amount of $7,303.33.
>
> . . .
>
> 4. The law firm of Stevens & Ward, P.A., has no knowledge of the location of any effects of the Defendant, Glenn Folse, in their possession. However, the Defendant's last know address was *1001 Edenbourne Street, Pineville, Louisiana 71360*. (emphasis added).
>
> . . .
>
> 8. The law firm of Stevens & Ward, P.A., *has no information indicating whether the funds described above are exempt* from execution pursuant to Miss. Code Anno. [sic] § 85-3-1, et. seq. (1972) [sic].

¶15. As set out *supra*, Miss. Code Ann. § 11-35-33 directs the garnishee to show in his answer "that the defendant does or will claim an exemption. . . ." Stevens's answer to the garnishment cannot be said to show its belief that Folse would claim a possible exemption to garnishment. In fact, its answer merely stated that Stevens had no knowledge of the availability of any exemptions to Folse. Nonetheless, it appears that, out of an abundance of caution, the clerk attempted to provide Folse with notice of the garnishment at the address provided by the garnishee. The notice was returned to the clerk marked "return to sender."

¶16. Ironically, this is the same address where Folse received notice of Stevens's interpleader action. As a result of the receipt of that notice, Folse filed an answer and made a formal appearance in the action.

¶17. The Lauderdale County Court Clerk made a good faith effort to provide Folse with notice of his right to claim an exemption to the garnishment even though the suggestion of an exemption was not made by the garnishee. After the notice was returned as undeliverable, the clerk did not attempt to notify Folse of the proceedings by other means. However, Folse did, in fact, receive notice of the interpleader action.

¶18. This Court finds nothing in the record which demonstrates that Folse was prejudiced by the failure to receive notice of his right to claim exemptions. In fact, Folse in his answer to the Hinds County interpleader, attempted to exercise the very right of which the notice was intended to apprize him.

## II. WHETHER A DEFAULT JUDGMENT MAY BE TAKEN AGAINST A DEFENDANT WITHOUT THE THREE DAY NOTICE CONTEMPLATED BY M.R.C.P. 55(B) WHERE THE PLAINTIFF IS AWARE OF DEFENDANT'S INTENT TO DEFEND THE LAWSUIT.

¶19. Because he did not receive three days written notice of the application for default as provided by Mississippi Rule of Civil Procedure 55(b), Folse argues that the trial judge abused his discretion in refusing to vacate the default judgment. Folse suggests that communications between his attorney and Yancey were sufficient to satisfy the appearance requirements of Rule 55(b). He further argues that having made an appearance, Yancey was obligated to provide him with written notice prior to the hearing. We agree.

¶20. Trial courts have considerable discretion in the determination to vacate a default judgment. *Bailey v. Georgia Cotton Goods Co.*, 543 So. 2d 180, 182 (Miss. 1989). "To be sure, default judgments are not favored and trial courts should not be grudging in the granting of orders vacating such judgments where showings within the rules have arguably been made." *Guaranty Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 387-388 (Miss. 1982). Because of its disfavored status, even slight abuse of discretion in refusing to set aside a default judgment may warrant reversal. *Chassanoil v. Kilmichael*, 626 So. 2d 127, 135 (Miss. 1993).

¶21. M.R.C.P. 55(b)[2] provides that upon application of default, a three day written notice must be afforded to the nonmovant provided that he has made an appearance and the default does not occur on the day of trial.

¶22. Appearance, for Rule 55(b) purposes, has been broadly defined to encompass more than traditional court appearances or the filing of documents. Today, the question, "Did the party make an appearance?", must be answered in terms of whether the nonmovant has manifested a clear intent to defend the suit. *Dynasteel Corp. v. Aztec Industries, Inc.*, 611 So. 2d 977, 982 (Miss. 1992). If this question is answered affirmatively, the appearance commanded by Rule 55(b) is satisfied and the nonmovant is entitled to the three day written notice.

¶23. Folse did not make a "traditional" appearance in this case. However, Yancey was fully aware of his intent to claim the exemption. Yancey communicated directly with Folse's attorney prior to requesting the default judgment and was aware that Folse was (1) represented by counsel and (2) intended to claim the $7,303.33 as exempt pursuant to Miss. Code Ann. § 85-3-1 (Rev. 1991).

¶24. On January 11, 1996, Folse's attorney had sent Yancey the following correspondence:

> Re: Stevens & Ward, P.A. v. Paula Stennett-Yancey and Glenn Folse
>
> Dear Ms. Stennett-Yancey:
>
> I have been retained by Mrs. Dera Folse, mother and next friend of Glenn Folse, to represent his interest in the above-referenced matter. Enclosed is a copy of the Answer to the Complaint for Interpleader and Declaration of Exempt Property which I am filing today in the Chancery Court of the First Judicial District of Hinds County, Mississippi.
>
> It is my understanding that you have filed responsive pleadings in the Chancery Court case. I would appreciate your serving me with a copy of the pleadings you have already filed plus any further pleadings you file in this matter.
>
> On January 24, 1996, Yancey was again served with Folse's answer and declaration of exempt property, which in pertinent part states:
>
> [T]he funds interpled into this Court by Stevens & Ward, P.A.,. . .are hereby declared and chosen by [Folse] to be part of the property exempt from seizure under execution or attachment pursuant to Miss. Code Ann. Section 85-3-1(a)(iv) "cash on hand".

¶25. On January 30, 1996, a hearing on the interpleader was held before the Hinds County Chancery Court. The chancellor dismissed the interpleader action with prejudice for lack of subject matter jurisdiction, but transferred the $7,303.33 to the Lauderdale County Court.[(3)]

¶26. On February 7, 1996, Yancey filed an "Affidavit For Default" predicated upon the failure of Folse to declare exemptions or otherwise plead.

¶27. On February 7, 1996, the Lauderdale County Court Clerk "as provided in the Mississippi Rules of Civil Procedure" entered a default against Folse.

¶28. On February 7, 1996, Yancey filed a "Motion For Default Judgment" against Folse. The motion was based upon the failure of Folse to "answer or appear to claim his exemptions."

¶29. On February 7, 1996, the County Court of Lauderdale County entered a "Judgment of Default" against Folse. This judgment was predicated upon the failure of Folse "to answer or appear to claim his exemptions."

¶30. Yancey, having communicated with Folse's attorney, had actual knowledge of Folse's intent to claim the exemption. Included among the communications between Yancey and Folse's attorney was the answer and declaration of exempt property filed in the Hinds County interpleader. While these documents were filed in the Hinds County action, this Court notes that Yancey was twice provided these documents.

¶31. Having been made aware of this information, Yancey was obligated to inform the trial court in the affidavit which accompanied her application for default judgment of contact with Folse's attorney, and provide notice of her application to Folse, pursuant to Rule 55(b).

¶32. Mississippi Rule of Civil Procedure 60(b) provides that a court may relieve a party from a judgment for the following reasons: (1) fraud, misrepresentation, or other misconduct by the adverse party; (2) accident or mistake; (3) newly discovered evidence; (4) the judgment is void; (5) the judgment has been satisfied or release; or, (6) for any other reason justifying relief.

¶33. Because Folse made an appearance, the failure to provide him with notice of Yancey's application for default entitles him to relief from the judgment pursuant to M.R.C.P. 60(b)(1). This Court holds that the trial judge abused his discretion by refusing to vacate the default judgment.

¶34. With appropriate regard for the dissent, it appears to have misunderstood and missed the mark in suggesting that Folse was not a necessary party to the garnishment.

¶35. The default was requested and granted based upon the failure of Folse to "answer or appear and claim his exemptions," exemptions which he had claimed in the interpleader action filed in Hinds County Chancery Court, and which he had informed Yancey he would continue to claim. He was, therefore, a necessary party and entitled to notice.

¶36. This matter is reversed and remanded to the trial court to conduct a hearing on the merits of Folse's claim of exemption.

¶37. **THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**BRIDGES, COLEMAN, DIAZ, JJ., CONCUR. McMILLIN, C.J., DISSENTS WITH**

**SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., AND THOMAS, J. IRVING, LEE AND PAYNE, JJ., NOT PARTICIPATING.**

McMILLIN, C.J., DISSENTING:

¶38. I respectfully dissent. In my opinion, the majority incorrectly applies the Mississippi Rules of Civil Procedure to a judicial proceeding the conduct of which is not subject to those procedural rules. The action before the Court is an appeal from a garnishment proceeding, which is an ancillary post-judgment action intended to aid a judgment creditor in the satisfaction of his judgment. The exclusion of a garnishment proceeding from the dictates of the Mississippi Rules of Civil Procedure is unequivocal.

> Process to enforce a judgment for the payment of money shall be by such procedures as are provided by statute. *The procedure on execution, in proceedings supplementary to and in aid of judgment, and in proceedings on and in aid of execution, shall be as provided by statute.*

M.R.C.P. 69(a) (emphasis supplied); *See also First Mississippi Nat'l Bank v. KLH Industries, Inc.,* 457 So. 2d 1333, 1337 (Miss. 1984).

¶39. A garnishment proceeding, one of several means of execution in aid of judgment, is permitted under procedures set out in Sections 11-35-1 through 11-35-61 of the Mississippi Code of 1972. The statutory

procedures for a garnishment make clear that the judgment debtor is not a necessary party to a garnishment proceeding unless the garnishee affirmatively suggests in his answer that the debtor may claim some exemption as to the particular asset being subjected to garnishment. Miss. Code Ann. § 11-35-33 (1972); *Howell v. Moss Point Furniture,* 136 Miss. 399, 101 So. 559, 560 (1924). There is no dispute in this case that the garnishee failed to suggest in its answer any possibility that the judgment debtor would claim the garnished funds as exempt.

¶40. The extra-legal actions of the court clerk in attempting to notify the judgment debtor of the garnishment action, while perhaps commendable, were not required under the law and could not possibly give rise to a greater right in the judgment debtor than would have existed if the clerk had not made any effort to notify the judgment debtor of the pending garnishment.

¶41. Though the judgment debtor was not a *necessary* party to the garnishment action, it may well be that he was a *proper* party who could have sought to intervene and assert a claim of exemption even in the absence of the statutorily-required preliminary suggestion by the garnishee. However, a non-party with a *possible* right to intervene who does not actually attempt to formally exercise that right of intervention is not, by any legal definition, a party to the proceeding and, thus, is not entitled to any notice regarding hearings or other proceedings in the case.

¶42. A judgment directing a garnishee to pay the garnished fund to the judgment creditor is not, as the majority suggests, a default judgment against the judgment debtor governed by Mississippi Rule of Civil Procedure 55. An order entered resolving a garnishment proceeding is directed at the garnishee and not the judgment debtor. Even were we to try to draw some parallel between a statutory garnishment proceeding and the Mississippi Rule of Civil Procedure, such cases as *Dynasteel Corp. v. Aztec Industries,* 611 So. 2d 977 (Miss. 1992), cited by the majority, would offer no support for the proposition that a non-party judgment debtor would ever be entitled to notice of a hearing. The *Dynasteel* case discusses whether a defendant has made "an appearance" in the case even though he may not have filed an answer. That concept of "appearance" as discussed in that case has nothing to do with the question of whether or not the defendant had been made a *party* to the case. The defendant in *Dynasteel* was necessarily a *party* to the proceeding by being properly served with process at the inception of the suit. As I have already observed, absent a suggestion of exemption by the garnishee, the judgment debtor is *not* a party to the garnishment action and, therefore, could not be entitled to any procedural protection in the conduct of the proceeding.

¶43. A judgment debtor who finds himself deprived of a potential claim of exemption by a lackadaisical garnishee who fails to suggest that the judgment debtor might claim some available exemption is not without remedy. The case of *City of Laurel v. Turner* makes clear that, in such a case, the failure of the garnishee to make such a suggestion in his answer when there was some reasonable basis to think the debtor intended to make such a claim may expose the garnishee to a direct claim by the judgment creditor. *City of Laurel v. Turner*, 80 Miss. 530, 31 So. 965, 965 (1902).

¶44. In this case, however, we are faced with the facts that (a) the garnishee's answer did not trigger the provisions of Section 11-35-33 that would have made the judgment debtor a *necessary* party to this proceeding, and (b) the judgment debtor made no affirmative step to intervene as a *proper* party. That being the case, the judgment debtor was entitled to no advance notice of any hearings or other proceedings related to resolving the writ of garnishment.

¶45. I would affirm.

**SOUTHWICK, P.J., AND THOMAS, J., JOIN THIS SEPARATE WRITTEN OPINION.**

1. Folse contends that the notice was defective because it was sent by regular mail instead of certified mail as directed by M.R.C.P. 4 for out-of-state service.

2. M.R.C.P. 55(b) reads in pertinent part as follows:

Judgment. . . .If the party whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application; however, judgment by default may be entered by the court on the day the case is set for trial without such three days' notice.

3. While the chancellor dismissed the interpleader for lack of subject matter jurisdiction, the appropriate remedy would have been the transfer of the entire interpleader, rather than just the $7,303.33, to the Lauderdale County Court. *Benedict v. City of Hattiesburg*, 693 So. 2d 377, 381 (Miss. 1997). Such a transfer would have of necessity included the declaration of exempt property filed by Folse.