LEE, J.,
for the Court:
¶ 1. The Circuit Court of Winston County dismissed the complaint of Mildred Triplett, the appellant and plaintiff below, which alleged that the appellees, Brunt-Ward Chevrolet, Oldsmobile, Pontiac, Buick, Cadillac, GMC Trucks, Inc. (Bruni>-Ward) and Union Planters Bank of Acker-man, had wrongfully garnished funds from her bank account. In addition, sanctions were imposed against her trial counsel pursuant to the Litigation Accountability Act of 1988, Miss.Codb Ann. §§ 11-55-1 to 11-55-15 (Supp.1972). Feeling aggrieved of these actions, she has filed this appeal asserting that the trial court was in error in dismissing her complaint for failure to state a claim and in the imposition of sanctions against her attorney. After a thorough review of the record, we find no reversible error and affirm the lower court.
PROCEDURAL AND EVIDENTIARY FACTS
¶ 2. Mildred Triplett held an account at Union Planters Bank and had named her daughter, Mary Baber, as a joint account owner. On September 8, 1999, Brunt-Ward filed a suggestion for writ of garnishment against Union Planters Bank on any assets held by the bank that belonged to Mary Baber, and the writ was issued on that same date. Union Planters answered the garnishment stating that it was indebted to Mary Baber in the amount of $1,094.73 and had such effects of hers in its possession. On September 20, 1999, the circuit court directed the bank to pay the sum to its clerk and Union Planters paid into the registry of the court the amount sought in the garnishment process. A check was issued to Brunh-Ward on October 7, 1999, for the amount of the garnishment less statutory fees.
¶ 3. On October 8, 1999, Triplett’s attorney wrote a letter to Brunt-Ward, and on October 9,1999, he wrote another to Union Planters, stating that the bank account in the name of Mary Baber was a joint account with Mildred Triplett and that the funds belonged to Triplett. The letters suggested that the funds that had been garnished and disbursed pursuant to court order be returned. Brunt-Ward did not return the funds and claimed that this *1064 letter was the first notice or indication that it had of any controversy regarding the ownership of the funds.
¶ 4. Triplett then filed a complaint alleging that Union Planters and Brunb-Ward knew or should have known that the funds in the account that had been garnished belonged to her and not to Baber, that the bank was negligent in its failure to notify Triplett that the funds were exempt, and that Brunt-Ward wrongfully levied on the account. Brunb-Ward and Union Planters each filed a motion to dismiss for failure to state a claim. A hearing was held on both motions on March 6, 2000, and the court sustained the motions. The court stated in the order of dismissal for Brunb-Ward that it found “beyond a reasonable doubt that the Plaintiff can prove no set of facts in support of a claim which would entitle her to relief against Brunt-Ward.”
¶ 5. On March 17, 2000, Triplett filed an amended complaint which stated that Triplett’s funds had wrongfully been subjected to garnishment because Union Planters knew that the funds in the account that had been garnished belonged to Triplett, that it failed to suggest to Triplett that the money in her account was exempt from garnishment, that it did not notify Triplett that the funds in her account were being attached, and that Brunb-Ward failed and refused to reimburse Triplett for the exempt funds. Brunb-Ward and Union Planters both filed motions to dismiss the amended complaint and requested reasonable expenses incurred pursuant to M.R.C.P. 11(b) asserting that the amended complaint was frivolous and added no additional allegations than did the original complaint which had been dismissed by the court. A hearing was held on April 4, 2000, regarding the amended complaint. The court sustained both motions pursuant to M.R.C.P. 12(b)(6) and assessed sanctions against the plaintiffs attorney in favor of each defendant. Notice of appeal was taken by the plaintiff on April 25, 2000, against the orders dismissing the amended complaint.
ISSUES
I. WHETHER THE TRIAL COURT WAS CORRECT IN DISMISSING TRIPLETT’S AMENDED COMPLAINT FOR FAILURE TO STATE A CAUSE OF ACTION.
¶ 6. The Mississippi Supreme Court, in adjudicating M.R.C.P. 12(b)(6) motions, has held that upon a motion for dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the pleaded allegations of the complaint must be taken as true, and a dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief. Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss.1990). Because a motion to dismiss under M.R.C.P. 12(b)(6) tests the legal sufficiency of the complaint, it is granted only when it appears to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim. Busching v. Griffin, 465 So.2d 1037, 1039 (Miss.1985). Thus, a complaint may survive a Rule 12(b)(6) motion by alleging sufficient facts to show that the plaintiff is entitled to some relief. Carpenter v. Haggard, 538 So.2d 776, 777-78 (Miss.1989).
¶ 7. Looking at Triplett’s original and amended complaints, we do not find that such facts have been alleged. The essence of her argument is that the funds in the garnished account were hers and should have been exempt from execution. She specifically complains that: (1) Union Planters and Brunt-Ward should have claimed the exemption for her since they *1065 knew that the funds in the account belonged to her, (2) Union Planters had a duty to notify her that the funds in her account were being attached so that she could have claimed them as exempt, and (3) Brun1>-Ward should return the amount garnished to her.' We do not find that these assertions are supported either by relevant statute or case law.
¶ 8. The statutory procedures for a garnishment are set out in Sections 11-35-1 through 11-35-61 of the Mississippi Code of 1972. These procedures are clear that the judgment debtor is not a necessary party to a garnishment proceeding unless the garnishee affirmatively suggests in his answer that the debtor may claim some exemption as to the particular asset being subjected to garnishment. Miss. Code Ann. § 11-35-33 (1972); Howell v. Moss Point Furniture, 136 Miss. 399, 101 So. 559, 560 (1924). It is true that, if the indebtedness or money in the hands of the garnishee is exempt, it is the duty of the garnishee to suggest the exemption of the judgment debtor. Sturges v. Jackson, 88 Miss. 508, 512, 40 So. 547, 548 (Miss.1906); City of Laurel v. Turner, 80 Miss. 530, 31 So. 965 (1902). Exemptions are highly favored and may not be defeated by the intent or negligence of garnishees. The case of City of Laurel v. Turner makes clear that the failure of the garnishee to make such a suggestion in his answer when there was some reasonable basis to think the debtor intended to make such a claim may expose the garnishee to a direct claim by the judgment creditor. Id. Triplett complains that Union Planters, the garnishee, failed to suggest in its answer that she would claim the garnished funds as exempt. The relevant statute, Mississippi Code Annotated section 11-35-33, states:
Any garnishee who answers admitting an indebtedness, or the possession of property due or belonging to the defendant, may show by his answer that he is advised and believes that the defendant does or will claim the debt or property, or some part thereof, as exempt from garnishment, levy, or sale. Upon the filing of such answer, the clerk or justice of the peace shall issue a summons or make publication, if defendant be shown by oath to be absent from the state, for the defendant, notifying him of the garnishment and the answer, and requiring him to assert his right to the exemption. Proceedings against the garnishee shall be stayed until the question of the debt- or’s right to the exemption be determined. If the defendant fail to appear, judgment by default may be taken against him, adjudging that he is not entitled to the property or debt as exempt; but if he appear, the court shall, on his motion, cause an issue to be made up and tried between him and the plaintiff.
Miss.Code Ann. § 11-35-33 (1972). Triplett ignores that section 11-35-33 does not require Union Planters, the garnishee, to suggest in its answer any possibility that the funds are exempt as to her, but the statute only requires the garnishee to raise the question of an exemption as to Baber, the judgment debtor/defendant, if there is a reasonable basis to think the judgment debtor intended to make such a claim. We thus find no basis for Triplett’s assertion that she was entitled to notice of the garnishment simply because she is a joint account holder to the account subject to the garnishment.
¶ 9. However, Triplett argues that her status as a joint account holder with Baber should entitle her to an exemption. We know of no precedent which would require a garnishee to raise the question of exemption by mere virtue of the fact that the account garnished is joint *1066 ly held. When Union Planters ascertained that it held funds in a joint account payable upon the order of Baber or Triplett, it was legally obligated to withhold any disbursements. Miss.Code Ann. § 11-35-31 (1972). There is no presumption that all or part of a joint account is immune from garnishment. Such would have the effect of creating a nonstatutory exemption for the parties using them. Neither party saw fit to place the joint account agreement into the record and nothing suggests that Union Planters had any authority to dishonor a check Baber may have drawn on the account on grounds other than the unavailability of funds. A joint bank account is an agreement between the parties which is indifferent to the exact percentage of ownership between themselves. Any attempt to base the extent of a garnishment upon the respective amounts of the account owned by each depositor would compel courts to consider issues which the depositors themselves have declared to be of no consequence. DGNB v. Pete, 583 So.2d 180, 185 (Miss.1991) (Robertson, J., concurring), citing Park Enterprises, Inc. v. Track, 233 Minn. 467, 470-72, 47 N.W.2d 194, 196-97 (1951). Because joint account holders have given each other absolute authority over the account and the unconditional power to withdraw all or any part of the account, the bank must likewise pay any part or all of the account to either account holder upon demand. DGNB, 583 So.2d at 184. The legal effect of the garnishment proceeding is that the action is brought by Brunt-Ward in Baber’s name against Union Planters. This results in the subrogation of Brunh-Ward to the right of Baber against Union Planters to withdraw any part or all of the account. Id. Because Baber had the right to withdraw all of the funds in the account, Union Planters owed no duty to Triplett to notify her of the garnishment. We therefore find no basis for Triplett’s assertion that her mere status as a joint account holder entitles her to an exemption to the account subject to the garnishment.
¶ 10. The law in this State regarding the garnishment of funds in a joint bank account is expressed in Delta Fertilizer, Incorporated v. Weaver, 547 So.2d 800 (Miss.1989), which is cited by Triplett. Delta Fertilizer held that funds in a joint bank account are subject to garnishment and that the burden is on each joint depositor to show what portion of the funds he or she actually owns, the reason being that depositors are in a better position to know the pertinent facts than the judgment creditor. Id. at 803. However, this requires intervention of a proper party to claim the funds in the joint account as exempt. Baber could have taken an affirmative step and intervened as a proper party to claim the exemption even though Union Planters’ answer was not required to suggest, and did not suggest, that she may be entitled to an exemption. The fact that Baber was not made a necessary party to the garnishment proceeding did not preclude her as the judgment debtor from taking an affirmative step to intervene as a proper party. Had Baber intervened, Triplett, as a joint account owner could have established by evidence her actual ownership of the funds and have defeated the writ of garnishment. Delta Fertilizer, 547 So.2d at 803. It is evident that Triplett’s complaint is with Baber for not having intervened as a proper party. Triplett is bound, however, to abide by the results which emanate from her own actions.
¶ 11. Triplett also claims that Brunt-Ward should return the funds garnished from the account to her because she notified Union Planters and Brunts Ward that the funds belonged to her. *1067 Mississippi Code Annotated section 11 — 35— 31 provides:
If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiffs demand; and execution shall issue thereon, provided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debtor, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and such indebtedness due by him to the debtor, plus court costs and reasonable attorney’s fees of the judgment creditor in said garnishment action.
Miss.Code Ann. § 11-35-31 (1972). This language has been construed to mean that, in order to suspend the execution of the writ of garnishment, a sworn declaration must be filed in the court before the garnishee has answered and paid into court the funds caught by the garnishment. Mississippi Action for Community Ed. v. Montgomery, 404 So.2d 320, 322 (Miss.1981). One cannot wait to file a declaration to suspend the execution until the execution has been completed, the answer filed, the funds paid into court and disbursed by the clerk to the judgment creditor. Id.
¶ 12. The writ of garnishment in this case was issued on September 8, 1999. It was answered and on September 20, 1999, the circuit court directed Union Planters to pay the sum to its clerk and the funds were released. The funds were disbursed by the circuit clerk via check issued to Brun1>-Ward on October 7,1999. Furthermore, a declaration was never filed, but instead a letter dated October 9,1999, written by Triplett’s attorney demanded payment of the funds disbursed from Union Planters Bank. A similar letter was sent to Brunt-Ward dated October 8, 1999. These letters were written after the funds had been disbursed. A letter is not the equivalent to a sworn declaration filed according to the relevant statute. Miss.Code Ann. § 11-35-31 (1972). It is too little, too late.
¶ 13. It is interesting to note that Triplett stated in the amended pleadings to her original complaint that she became aware within two days of service of the writ of garnishment that the funds in her account were attached. We fail to understand why she never intervened as a proper party herself to establish her actual ownership of the funds and defeat the writ of garnishment. Instead, she waited until after the funds were disbursed to make any notification regarding a claim to the funds. Brunt-Ward had followed the statutory procedures and had no obligation or duty to return the funds. The court was correct in sustaining both motions to dismiss pursuant to M.R.C.P. 12(b)(6) because it appears to a certainty that Triplett is entitled to no relief under any set of facts that could be proven in support of her claim. Busching, 465 So.2d at 1039.
II. WHETHER THE TRIAL COURT WAS CORRECT IN ASSESSING SANCTIONS AGAINST TRIPLETT’S . ATTORNEY FOR FILING AN AMENDED COMPLAINT.
¶ 14. A claim is without substantial justification for purposes of the Litigation Liability Act of 1988, Mississippi Code Annotated section ll-55-3(a), when it is “frivolous, groundless in fact or in law, or vexatious, as determined by the court.” *1068 Scruggs v. Saterfiel, 693 So.2d 924 (Miss.1997). A case is also said to be frivolous when the movant has no hope of success. Stevens v. Lake, 615 So.2d 1177, 1184 (Miss.1993). We find these cases applicable to the amended complaint since it made essentially the same allegations stated in the original complaint against both defendants and the original complaint had been dismissed for failure to state a claim. We find no error in the court’s having imposed said sanctions and affirm.
¶ 15. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST AWARDED TO THE APPELLEES. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, IRVING and MYERS, JJ., concur. CHANDLER, J., not participating.