FAIR, J.,
for the Court:
¶ 1. Dorothy Lang shared two accounts at Regions Bank with her estranged husband, Derrick Higgins. For the past eight *750 years, they have been separated, but neither account was ever closed. In fact, Lang continued to use their savings account, while Higgins continued to use their checking account.
¶ 2. In April 2010, the Mississippi Department of Human Services sent its notice of encumbrance to Regions Bank and Higgins pursuant to section 43-1ÍM8 of the Mississippi Code Annotated (Rev. 2009). Both joint accounts were frozen, and a lien was placed on the funds because Higgins owed over $17,000 in child support.[1] Lang discovered the encumbrance, and her attorney sent a letter to the Mississippi Department of Human Services (DHS) on May 26, 2010, stating that the money belonged to Lang. DHS responded the next day with a letter explaining that Lang should file a petition with the court if she wished to challenge the encumbrance.
¶ 3. Because no action was taken by either Higgins or Lang within the forty-five days for objection by “the obligor or by an account holder of interest,” DHS received $3,116.69 from the two accounts on June 17, 2010. On September 1, Lang filed her objection to the encumbrance in Lowndes County Chancery Court under the same cause number as DHS’s notice of encumbrance. Lang argued that the approximate balance of $2,000 in the savings account was entirely hers. A hearing was held, and Lang presented a cancelled check showing the origin of the funds, a deposit slip, account records, and her own testimony to prove that she was the sole contributor. No evidence indicating otherwise was presented. The court found that the statutory forty-five-day objection period did not apply to Lang because DHS did not send her notice of the encumbrance, that Lang prevailed under a mistake of identity, and that DHS should remit $2,000 to Lang within ten days.
¶ 4. DHS now appeals arguing that the trial court misinterpreted “mistake of identity” and that Lang did not meet her burden of proof. DHS also claims that the trial court erred in determining that Lang made a timely objection to the encumbrance.
STANDARD OF REVIEW
 ¶ 5. “The law is settled that statutory interpretation is a matter of law [that] this Court reviews de novo.” Franklin Collection Serv. Inc. v. Kyle, 955 So.2d 284, 287 (¶ 8) (Miss.2007) (citations and quotation marks omitted). We will not interpret a statute if it is plain and unambiguous. Miss. Methodist Hosp. & Rehab. Ctr. Inc. v. Miss. Div. of Medicaid, 21 So.3d 600, 607 (¶18) (Miss.2009). “However, statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue.” Id.
DISCUSSION
¶ 6. Section 43-19^18 of the Mississippi Code Annotated sets up a “data match system” to require banks to release information on its account holders to DHS and allows DHS to administratively encumber funds in the bank account of one who owes past-due child support. If the obligor or “an account holder of interest” does not petition the chancery court and dispute an encumbrance within forty-five days of notice to the obligor but not the “holder of interest,” the funds are released *751 to DHS. Miss.Code Ann. § 43-19-48(3)-(4) (Rev.2009). Lang, as an account holder of interest, challenged the encumbrance under subsection 5, which provides:
(5) Challenges to encumbrance of an account:
(a) Challenges to such levy for child support arrearage may be initiated only by the obligor or by an account holder of interest.
(b) Challenges shall be made by the filing of a petition for hearing by the obligor in a court of appropriate jurisdiction. ...
(c) Grounds for the petition challenging the encumbrance shall be limited to:
(i) Mistakes of identity; or
(ii) Mistakes in’amount of overdue support.
Miss.Code Ann. § 43-19-48(5) (Rev.2009).
¶ 7. The issue presented is the exact meaning of “mistakes of identity.” Lang takes the position, as the trial court did, that a mistake of identity encompasses the identity or ownership of the funds. DHS argues for a stricter interpretation — that a mistake of identity is limited to the name on the account being the person who actually owes child support. We find that Lang’s right to challenge the encumbrance is not controlled by section 43-19-48(5), which by its terms is limited to the obligor.
¶ 8. Rather, although the statute contemplates an account holder of interest challenging the encumbrance, it does not provide a method to do so. As written, the statute does not require DHS to send notice to joint account holders, and only the obligor is subject to any specific time for filing. Other states, such as Alabama and Texas, have specifically provided for the right of a joint account holder to challenge such an encumbrance and prove ownership of the funds. See Ala. Admin. Code r. 600-3-12-.06 (2011); Tex. Fam.Code Ann. § 157.326 (2001). We conclude that our Legislature intended to acknowledge an account holder of interest’s right to challenge a DHS encumbrance, but it did not create a new mechanism for such a challenge. Instead, the Legislature left that to independent actions, just as ordinary garnishment law does.
¶ 9. The Mississippi Supreme Court has considered the garnishment of joint accounts. In Delta Fertilizer, Inc. v. Weaver, 547 So.2d 800 (Miss.1989), Delta secured a judgment against Weaver, and the circuit clerk issued a writ of garnishment on a joint savings account in the names of Weaver, his sister, and his mother. Before the garnishment was awarded, the mother filed a motion with the court, claiming to be the sole owner of the account. Id. at 801. The mother testified that all the funds belonged to her and that her children’s names were on the account for convenience because she could not handle her own money anymore. Id. Citing Cupit v. Brooks, 237 Miss. 61, 112 So.2d 813 (1959), the court noted that a joint checking or savings account was subject to garnishment but held that it “should be garnishable only in proportion to the debt- or’s ownership of the funds.” Delta, 547 So.2d at 802-03. The burden rests on each depositor to show what portion of the funds he actually owns, and parol evidence is admissible to show his contributions. Id. at 803.
¶ 10. Relying on the Mississippi Supreme Court’s decision in Delta, we agree that an account holder of interest may challenge a DHS encumbrance in an independent action and present evidence to prove her contribution to the funds. The depositors are in a much better position than DHS to know the pertinent facts regarding their joint account. And while the DHS Child Support Unit has a legisla *752 tively mandated charge to enforce child-support obligations, administratively and through litigation, we do not believe the Legislature intended to dismiss the interest of joint account holders. That being said, a joint account holder must file some formal pleading within a reasonable time. Otherwise, such funds obtained by DHS would always be subject to remittance, preventing the funds from being timely disbursed to impoverished children.
¶ 11. Ultimately, therefore, the controlling issue in this case is whether Lang filed her objection to the seizure of her account within a reasonable amount of time. On April 22, 2010, DHS filed a notice of encumbrance, stating that Higgins had a child-support arrearage of $17,903.76. Regions Bank informed DHS that Higgins was listed as the primary account holder of the two accounts. It is unclear whether Regions Bank informed DHS of Lang’s status as an account holder of interest, but Lang unquestionably had actual notice of the encumbrance, as evidenced by her attorney’s letter sent to DHS on May 26, 2010. Lang waited until September 2010, after the funds were tendered to DHS, to file any formal pleading with the court.
¶ 12. This Court dealt with an analogous situation in Triplett v. Brunt-Ward Chevrolet, Oldsmobile, Pontiac, Buick, Cadillac, GMC Trucks, Inc., 812 So.2d 1061 (Miss.Ct.App.2001). There, a mother, Triplett, held an account with Union Planters and named her daughter as a joint account holder. Id. at 1063 (¶ 2). A garnishment was issued naming the daughter as the debtor. Id. Although Triplett admitted that she became aware of the attachment within two days of service of the writ of garnishment, but never intervened as a proper party. Id. at 1067 (¶ 13). After the funds were disbursed to the creditor, Triplett filed a complaint alleging Union Planters was negligent in its failure to notify Triplett that the funds were exempt. Id. at 1064 (¶4). On appeal, this Court explained that the garnishment statute “has been construed to mean that, in order to suspend the execution of the writ of garnishment, a sworn declaration must be filed in the court before the garnishee has answered and paid into court the funds caught by the garnishment.” Id. at 1067 (¶ 11) (citing Miss. Action for Cmty. Ed. v. Montgomery, 404 So.2d 320, 322 (Miss.1981)).
¶ 13. Here, DHS correctly presumed that all funds in the joint account belonged to Higgins and filed a notice of encumbrance.[2] On May 27, DHS advised Lang to file a petition with the court pursuant to section 43-19-48 in order to object the encumbrance. While we disagree that Lang was required to file pursuant to section 43-19-48, she failed to file any petition to the court before the funds were disbursed. Further, Lang presents no reason for her delay. “A letter is not the equivalent to a sworn declaration filed according to the relevant statute. It is too *753 little, too late.” Triplett, 812 So.2d at 1067 (¶ 12) (internal citation omitted).
CONCLUSION
¶ 14. We find that the “mistake of identity” language in section 43-1ÍM8 of the Mississippi Code Annotated does not apply to Lang. Further, Lang is not restricted to filing under the forty-five day deadline. However, Lang failed to file a petition for relief within a reasonable time. Therefore, we reverse and render the chancellor’s judgment against DHS in the amount of $2,000.
¶ 15. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.

. This amount was owed to the child of Higgins's first marriage pursuant to an order for support obtained by DHS under chapter 19 of title 43 of the Mississippi Code Annotated, which establishes the state "Child Support Unit” and prescribes procedures for its collection of federal and state benefits accorded children of this state. Interestingly, because Lang was receiving entitlement benefits, there was also an open case of the same nature by DHS against Higgins for support of the child born to their marriage.

. Section 81-12-137 of the Mississippi Code Annotated (Rev.2001) governs joint savings accounts and states that the money in such accounts "shall be the property of [two or more persons] as joint tenants with the right of survivorship.” In Stevens v. Smith, 71 So.3d 1230, 1234 (¶ 13) (Miss.Ct.App.2011), this. Court explained that "while joint accounts are presumed to be vested in the names as given in the deposit as equal contributors and owners in the absence of evidence to the contrary, the intention of the parties is the controlling factor.” (Citation omitted). The Court further stated that in the midst of a controversy, evidence is admissible to show the true situation. Id. Therefore, in determining the ownership of funds in a joint account, courts will admit evidence and look to the intention of the parties.